### SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. W. O. ADDISON.

#### No. 1144.   Decided November 13, 1902.

**1.—Verdict—Judgment—Interest.**

The verdict of the jury upon issues of fact submitted to them constitutes the sole basis for the judgment; the court can not add to their award of damages for injuries to live stock by a carrier, interest on the amount from the date of the injury.   (P. 64.)

**2.—Damages—Interest—Judgment—Amount Claimed—Assignment of Error.**

In a suit for injury to property by a carrier, interest is not recoverable, eo nomine; it is an element of the damages, to be included as such by plaintiff in his claim and by the jury in the verdict; recovery for the full amount claimed can not be increased by interest thereon from date of accrual of the cause of action, because not authorized by the pleading; and error in allowing such increase is properly raised by an assignment that the judgment was not authorized by the pleadings.   (Pp. 63, 64.)

**3.—Same—Practice on Appeal.**

The appellate court, being authorized to render such judgment as the court below should have done (Revised Statutes, article 1027), when plaintiff, in addition to a recovery on verdict, of the full amount claimed, has judgment for interest thereon from the accrual of his cause of action, should reverse and render judgment for only the amount claimed and awarded by the verdict.   (P. 64.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from Lee County.

*Morrison & Wallace* and *Robson & Duncan,* for appellant.—A verdict of a jury is the basis of all judgments in jury trials. A general verdict by a jury in a damage case comprehends all the issues submitted. Rev. Stats., art. 1333. Interest in a damage case can be computed by the jury in estimating the damages; and when the jury find a lump sum as damages, and do not itemize the elements that go to make up their verdict, if the verdict is a general one, and find the damages sustained to be a specific amount, the law will presume that the specific amount of damages found by the jury includes the interest, if the plaintiff is entitled to any.

The judgment of the court must be based upon the verdict of the jury. It must be responsive to the findings, and must carry out and enforce the verdict. If it gives more to the plaintiff than is authorized by the verdict the judgment is erroneous; if it gives less than awarded by the verdict it is likewise erroneous.

The court could add nothing to the verdict nor take anything from it. This act of the court in entering a judgment for an amount greater than authorized by the verdict is an error of law that is apparent of record and is one readily discoverable by a casual inspection of the record. The error is fundamental. See Rule 23.

Where the error is fundamental, the court will take notice of it, whether raised by the assignment of error or whether it is treated in the brief of appellant.

In this case the error is pointed out by a specific assignment. The inquiry made of this court is whether the appellate court could have the power to review the action of the court below if the brief of the appellant does not call the error a "fundamental" one. In other words the court would have no trouble in this matter if the appellant in its brief had complained that the error was "fundamental." But the appellant in its brief only complained of the judgment of the court as error, and did not characterize it, as "fundamental." We submit that there is no magic in a name. If an error is fundamental or apparent of record and it is complained of, the court should consider it regardless of the expletive by which it is characterized.

The third question is whether the appellate court can render a judgment, on appeal, for the amount of the verdict and for 6 per cent interest anterior to the verdict and back to the accrual of the cause of action? We do not think that the appellate court has any greater power in this regard than the trial court. If the trial court had no power to enter a judgment not authorized by the verdict, the appellate court is powerless to do so. The appellate court has only such power as would authorize it to reverse the judgment of the court below and render such a judgment as the court below should have rendered.

*Bowers & Schulz,* for appellee.—The court did not err in awarding 6 per cent on the amount of appellee's recovery from the date of the wrong. In this character of cases the true measure of damages will include interest as a matter of law. Railway v. Jackson, 62 Texas, 209 ; Railway v. Truesdell, 51 S. W. Rep., 272 ; Railway v. Greathouse, 82 Texas, 104.

GAINES, Chief Justice.—This case comes to us upon certified questions. The certificate is as follows:

"The above styled and numbered cause is now pending in this court, and was a suit brought in the Justice Court by appellee against the appellant to recover $130 damages to horses shipped over the appellant's line of railway. Trial was had in the Justice Court, which resulted in a judgment for the plaintiff for $100. The appellant appealed to the County Court, where, on December 12, 1901, judgment was rendered against it in appellee's favor for $130, with 6 per cent interest thereon from May 20, 1900.

"The court in submitting the case to the jury did not in its charge authorize the recovery of interest, nor did plaintiff in his petition seek to recover interest, but the petition embraces a prayer for general relief. There is evidence to sustain the verdict of the jury and the judgment of the court for the sum of $130. The verdict of the jury did not find interest, but was for the sum of $130. It appears, without conflict in the evidence, that plaintiff's cause of action accrued on May 20, 1900, and that the amount of damages sustained at that time was $130.

"We have ruled against the appellant on all of its assignments of errors, and we find no reversible error in the record, unless there was fundamental error in the judgment for interest on the $130 from May 20, 1900. The appellant has an assignment of error to the effect that the court erred in rendering judgment for 6 per cent interest on the amount recovered from the date of the injuries, because the pleadings of the plaintiff did not ask for such relief. Under the authority of Railway v. Jackson, 62 Texas, 209 ; Railway v. Greathouse, 82 Texas, 104, 90 Texas, 584, and in view of the fact that the plaintiff's petition prays for general relief, we have ruled against the appellant on this assignment.

"In view of the above findings, the court of Civil Appeals of the Third Supreme Judicial District of Texas certifies to the Supreme Court of Texas the following questions:

"1. In the absence of a verdict finding 6 per cent interest on the amount found by the jury, there being no conflict in the evidence as to the fact that the injury occurred on May 20, 1900, had the court the authority to render judgment for 6 per cent interest on the $130 recovered by the plaintiff from the day of the accrual of the plaintiff's cause of action?

"2. If the above question should be answered to the effect that the court did not have such authority, was the error in so rendering the judgment for interest fundamental, and would this court have the power and authority to review the action of the trial court in this respect,

where the brief does not complain of the action of the court as fundamentally erroneous?

"3. If it should be held that the trial court did not have the power to render the judgment for interest, and that its action in this respect was fundamentally erroneous and that this court could review the question, there being no dispute as to the fact when the cause of action accrued, and the verdict of the jury being fully sustained by the evidence, would this court have the right, as a matter of law, to render their judgment in appellee's favor for 6 per cent interest on the amount found by the verdict of the jury from the date of the accrual of the cause of action, May 20, 1900?"

1. We answer the first question in the negative. The issues of the fact having been submitted to a jury, the verdict constituted the sole basis for the judgment. Ablowich v. Bank, 95 Texas, 429.

2. From the statement of the Court of Civil Appeals, it seems to us that the determination of the second question is not necessary to a decision of the case. In cases of this character interest may be allowed by way of indemnification, as a part of the damages, but is never allowed eo nomine; and therefore in order to recover interest the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action, and the interest thereon from that date to the time of the trial. In this case the damages claimed were only $130. The recovery was necessarily limited to that amount. We are of the opinion that the assignment which complained of the judgment because not authorized by the pleadings was sufficient to raise the question and was well taken and that therefore the judgment ought to be reversed without reference to the question of fundamntal error.

3. In reference to judgments of the Court of Civil Appeals, the statute provides, that "when the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except," etc. Rev. Stats., art. 1027. Neither the pleadings nor the verdict in this cause authorized a recovery for more than $130; and therefore the trial court could not properly have rendered a judgment for more than that amount. We therefore answer the third question also in the negative.