**SOUTHERN GAS & GASOLINE ENGINE CO. v. ADAMS & PETERS.**
(No. 163–3160.)

(Commission of Appeals of Texas, Section A. Feb. 23, 1921.)

1. **Sales ⊃418(19)—Measure of purchaser's damages from defects in engine delaying harvesting of crop stated.**

The measure of a purchaser's damages for defects in an engine delaying the harvesting of a potato crop was the difference between the market value of the crop as harvested and its value had the harvesting not been delayed, with interest from the date of the accrual of the cause of action until the date of trial.

2. **Damages ⊃157(4)—Interest need not be specially pleaded, but damages claimed must be sufficient to include it.**

When interest as damages is sought, it need not be specially pleaded, but the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action, with interest from that date to the time of the trial.

3. **Trial ⊃255(14)—Right to recover interest as damages waived by not requesting charge thereon.**

In an action for the purchase price of an engine in which defendant filed a cross-action for damages, where the charge made no reference to interest as an element of damage, and defendant did not object to the charge as given, nor request a special charge embodying interest as an element of damage, it waived its right to interest.

Error to Court of Civil Appeals of First Supreme Judicial District.

Action by the Southern Gas & Gasoline Engine Company against Adams & Peters. A judgment for defendant was reformed and affirmed by the Court of Civil Appeals (198 S. W. 676), and plaintiff brings error. Reversed and judgment of the trial court affirmed.

Hutcheson & Bryan, of Houston, for plaintiff in error.

Fisher, Campbell & Amerman, of Houston, for defendant in error.

SPENCER, J. Plaintiffs in error, a corporation, sued defendants in error to recover the balance due upon the purchase price of a traction engine sold and delivered to plaintiffs in error; the agreed purchase price of the engine being $1,750.

Defendants in error answered that the engine was not as represented, but was defective, requiring numerous repairs and frequent overhauling, which delayed them in the harvesting of their potato crop, which resulted in damage to the same. In a cross-action, they asked damages: (1) For the difference, with interest, between the contract price of the engine and its value as delivered to them; (2) for the amount expended for repairs, with interest; and (3) for the difference between the market value of the potato crop had it been harvested without delay and its value as depreciated by reason of such delay.

The case was submitted to the jury upon special issues, and the findings in response thereto placed the value of the engine at $1,423.45 and the damages to the potato crop at $1,734.30. The court entered judgment for defendants in error for the sum of $836.31, and in arriving at this figure considered the items found by the jury, as well as payments made by defendants in error and other items about which there was no dispute.

Defendants in error filed a motion to have judgment entered in their favor for $863.23, with interest thereon from October 19, 1912, until the date of trial. The court declined to allow interest upon the $836.31 from June 15, 1912, to date of trial, upon the theory that there was no basis in the pleadings for its allowance. Upon appeal, the Court of Civil Appeals overruled all assignments of plaintiffs in error, but sustained the cross-assignment of defendant in error, and reformed the judgment, allowing defendants in error interest on $863.23 from October 19, 1912, until paid. 198 S. W. 676.

[1] In an action of this character the correct measure of damages for the loss of the potato crop would be the difference between the market value of the potato crop as harvested and its value had the harvesting not been delayed, with interest from the date of the accrual of the cause of action until date of trial. T. & P. Ry. Co. v. Tankersley, 63 Tex. 57.

[2] When interest, as damages, is sought, it need not be specially pleaded to be recovered, but "the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action, and the interest * * * from that date to the time of the trial." S. A. & A. P. Ry. v. Addison, 96 Tex. 61, 70 S. W. 200.

[3] The pleadings alleged the loss as the difference between the amount which defendants would have realized from the potato

---

⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

crop had it been harvested without delay and the amount actually realized on account of the delay resulting from the misrepresentations by plaintiffs in error as to the work the engine would do. The charge of the court made no reference to interest as an element of damage, but followed the general allegations of the pleadings. Defendants in error did not object to the charge as given, nor did they request a special charge embodying interest as an element of damage. It was the duty of the defendants in error to have requested a charge informing the jury to include interest from the date of the accrual of the cause of action up to the time of trial as an element of damage in the event that they found defendants in error had suffered damages, and, not having done so, they waived their right thereto. Galveston Oil Co. v. Malin, 60 Tex. 645.

We recommend, therefore, that the judgment of the Court of Civil Appeals reforming and·affirming the judgment be reversed, and that the judgment of the trial court be affirmed.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.