**MORRISS v. HESSE.   (No. 217–3342.)**

(Commission of Appeals of Texas, Section B. June 1, 1921.)

**1. Evidence ⑳390(1)—Parol evidence is inadmissible to show covenant against incumbrances did not include tenant's occupancy.**

In action for breach of covenant against incumbrances, consisting of retention of possession of the premises by a tenant of the vendor for several months after the conveyance, parol evidence was inadmissible to show that the grantees bought the land subject to the occupancy of the tenant, and undertook to arrange for themselves with the tenant to get possession.

**2. Covenants ⑳131—Interest not allowable on damages from breach of covenant from date of accrual of cause of action to the judgment.**

In action for breach of covenant against incumbrances, consisting of retention of possession of the premises by a tenant of the vendor for several months after the conveyance, it was improper to allow interest on the amount specially found by the jury to be the value of the diminution of the use and enjoyment of the land by such occupancy from the date of the accrual of the cause of action therefor, there being no jury finding awarding such interest; but interest on such amount was recoverable only from the date of the judgment of the trial court on the finding.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Charles W. Green against Nellie Hesse and another, in which, by plea, A. G. Morriss was made a party. Judgment for Nellie Hesse against said Morriss was affirmed by the Court of Civil Appeals (210 S. W. 710), and Morriss brings error. Judgments of the district court and the Court of Civil Appeals reversed, and judgment rendered for defendant in error.

Will A. Morriss and W. H. Lipscomb, both of San Antonio, for plaintiff in error.

Don A. Bliss, of San Antonio, for defendant in error.

KITTRELL, J. This action, in the form in which it is presented to us, is one severed as between the two parties from an action brought by one Charles W. Green against Wm. Hesse and Nellie Hesse, on a vendor's lien note given by A. G. Morriss and W. A. Morriss as part of the purchase money of certain lands in Kerr county.

Wm. Hesse having died, Nellie Hesse and her children made A. G. Morriss a party to the action, and sought to recover damages from him, on the ground that the land, when sold to them, was in possession of a tenant of Morriss, who would not surrender possession of the premises, and who held the same from August, 1909, until the latter part of November, 1909.

The Court of Civil Appeals correctly states that—

"For the purposes of this appeal, the cause of action thus asserted may be said to have been one based upon the covenant against incumbrances in the deed from said A. G. Morriss to Nellie Hesse, implied from the use of the words 'grant and convey' and a general warranty of title, which covenant was alleged to have been breached by such failure to deliver possession."

Defendant in error pleaded in the trial court that she was damaged $1,000 by the loss of an onion crop, and $500 by the appropriation by Morriss of the landlord's share of the

rent; and $2,500 by the incumbrance of the lease, but the court submitted to the jury but one issue, which was as follows:

"By what amount, if any, was the value of the use and enjoyment of the land by an owner of the fee-simple title diminished by Burk (the tenant's) occupation or use of the same, or such part of the same as you may believe from the evidence he occupied or used, and during such time as you may believe from the evidence that he occupied or used the same after the deed for the land by A. G. Morriss to Mrs. Hesse?"

The answer of the jury to the question was: "We, the jury, answer, $250." The court entered judgment for $331.25, the $81.25 being the interest at 6 per cent. from and after the death of Wm. Hesse. No complaint is made of the amount of the interest allowed, the contention being that none should be allowed.

The Court of Civil Appeals affirmed the judgment of the trial court, and A. G. Morriss applied for writ of error on two grounds:

(1) That the Court of Civil Appeals erred in overruling the assignment of error directed against the action of the trial court in refusing to permit him to prove by parol that the Hesses bought the land subject to the occupancy of the tenant, and undertook to arrange for themselves with the tenant to get possession.

(2) That the Court of Civil Appeals erred in sustaining the action of the trial court in allowing interest on the sum of $250—the amount of damages found by the jury.

[1] We are of the opinion that the Court of Civil Appeals properly determined the question raised by the first assignment of error. Justice Moursund clearly differentiates the case of Johnson v. Elman, 94 Tex. 168, 59 S. W. 253, 52 L. R. A. 162, 86 Am. St. Rep. 845, cited by plaintiff in error, from a number of other cases in which it is held that parol evidence is inadmissible to enlarge or restrict the warranty in a deed; and we can add nothing to what he has said in his able opinion. Morriss v. Hesse, 210 S. W. 710.

[2] We are of the opinion that the second assignment of error is well taken. The question is clearly ruled by the case of San Antonio & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200. The holding in that case, in so far as applicable to the case at bar, is to the effect that interest cannot be allowed from the date of accrual of the cause of action to the date of judgment, in the absence of a finding of the jury awarding such interest.

"The issues of the fact having been submitted to a jury, the verdict constituted the sole basis for the judgment."

The recent case of So. Gas., etc., Co. v. Adams et al., 227 S. W. 945, by Section A of the Commission of Appeals, applies this doctrine to cases submitted to a jury upon special issues, and is therefore in all fours with the present case.

We recommend that the judgments of the district court and of the Court of Civil Appeals be reversed, and that judgment be rendered in favor of defendant in error for $250, with 6 per cent. interest per annum thereon from June 22, 1918, the date of the trial court's judgment.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.