## JOSEPH v. BOSTICK. (No. 7174.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1924. Rehearing Denied July 1, 1924.)

1. **Brokers** ☜63(1)—**Broker procuring persons ready, able, and willing to accept lease held entitled to commission.**

Where plaintiff procured for defendant under a contract of employment persons who were ready, able, and willing to execute a lease with defendant on the terms expressed in option, but defendant defeated a consummation of the deal by insisting upon a supplemental stipulation restricting assignability of lease contrary to option terms, plaintiff *held* entitled to his commission.

2. **Appeal and error** ☜719(9)—**Judgment** ☜256(7)—**Inclusion of accrued interest in judgment held fundamental error, finding not authorizing such recovery.**

In broker's action for commission, where jury's findings did not authorize recovery of in-

terest, accrued interest could not be included in judgment, and its inclusion was fundamental error reviewable without assignment of error; interest not being recoverable as such, but only as damages.

**3. Appeal and error ⊜═719(1)—Apparent fundamental error must be noticed though not assigned.**

When fundamental error is apparent upon face of the record, it must be noticed by the appellate court, though not assigned.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Suit by John Bostick, Jr., against Sam A. Joseph. Judgment for plaintiff, and defendant appeals. Judgment reformed, and as so reformed affirmed.

McLean, Scott & Sayers and John W. Wray, all of Fort Worth, for appellant.

Capps, Cantey, Hanger & Short, Alfred McKnight, and W. D. Smith, all of Fort Worth, for appellee.

SMITH, J. In May, 1919, Sam A. Joseph and John Bostick, Jr., entered into a written option, effective until June 10, 1919, by the terms of which, if exercised, Joseph agreed to enter into a lease of certain lots in the city of Fort Worth to Bostick, "or his assignee or assignees," for a period of 99 years from the date of such acceptance. In the option agreement the material and essential terms of the proposed lease were gone into in considerable detail, it being provided that the lease should run for a period of 99 years; that the annual rental should be $12,000 net to Joseph, payable in advance in monthly installments of $1,000 each, payment to be made as therein particularly set forth. It was further provided that the proposed lease should assume the form of the "standard lease used in the city of New York for the leasing of business property for long terms * * * to be agreed upon and accepted by the parties hereto, with such modifications as local conditions require, and must contain such conditions and provisions as in the opinion of the grantor shall fully protect him in all of his rights in the matters and things pertaining to the said leasehold, and this option is granted upon the condition that in its finality such a lease shall be executed by the said Bostick, his assignee or assignees, and the grantor herein, as shall be just, and in the opinion of the grantor adequate and sufficient to protect him in all his rights, benefits, and privileges flowing out of the proposition to lease, and also in the construction and erection of the proposed improvements to be erected and constructed upon the premises herein described." It was further provided that, if the option be accepted, the lessee should, within 14 months, prepare the premises for and commence the immediate construction of a six-story building thereon, upon a foundation made sufficient to support a twelve-story building, should the lessee or his assigns conclude during the life of the lease that the higher building is desirable, or business demands require it. Further provision was made in detail for the time and manner of delivery of possession, for the removal and disposition of the old building on the premises, for the deposit in escrow of $50,000 in Liberty Bonds to be forfeited to Joseph under certain contingencies specifically described, for the payment of taxes and special assessments chargeable against the property, for insurance, and the application of proceeds from insurance, in case of fire, for liquidated damage, for the application of rents and revenues derivable from the property, for the method of construction of the buildings, and providing that, if Bostick or his assignees deemed it necessary, Joseph would procure his wife to join in the execution of the lease. The option closed with the provision that—

"Nothing in this option contained shall in any manner or way modify or deprive the right of the grantor to have the proposed lease express all of the conditions, covenants and agreements that he believes are necessary and requisite to fully and adequately protect him in all of his rights, privileges, and benefits."

Bostick and Joseph also made an agreement that, if Bostick would procure parties who were ready, able, and willing to enter into the lease provided for in the option, Joseph would pay him a commission of $5,000, and the jury found in response to special issues submitted to them that Bostick procured and tendered such parties, but that Joseph, through his attorney, defeated the final consummation of the lease. Upon this finding the trial court rendered judgment in favor of Bostick against Joseph for $5,000, with interest from January 1, 1920, aggregating a total sum of $5,950. Joseph has appealed.

It appears from the evidence that Joseph and Bostick, and the proposed lessees met in the office of Joseph's attorney for the purpose of closing the proposed deal, but when Joseph's attorney prepared a written acceptance of the option he added thereto the cláuse, "This contract is assignable to an assignee satisfactory to Sam A. Joseph." The proposed lessees, declining to sign the acceptance in that form, retired to the office of their own attorneys, and there had prepared and executed an unconditional acceptance of the option, which was delivered to Joseph. A day or two later, however, they advised Bostick that they had concluded not to go forward with the matter, as it "looked like a lawsuit." Subsequently Bostick called on Joseph for the promised commission, which was refused, and shortly thereafter

---

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Joseph's attorney wrote Bostick, advising that after investigation he was prepared to draw a satisfactory lease, and Mr. Joseph "was ready to go forward and complete the deal along the lines of the option." Nothing further was done in the matter, however, and a few months later Bostick filed this suit for the stipulated commission.

Appellant takes the position that the option agreement was within itself incomplete and unenforceable as a contract; that the minds of the parties did not meet on the essentials of the final contract contemplated by the parties; that these essentials were to be subsequently agreed upon and incorporated in the final contract; that, as the latter contract was never agreed upon or executed Bostick did not earn his commission. We overrule this contention, for the controlling theory of the case takes a much simpler form than this.

[1] The case is not a complicated one when stripped of its nonessentials. Joseph desired to lease his premises to others for a period of 99 years, on given terms and conditions. He employed Bostick to procure a lessee who would be ready, able, and willing to enter into and carry the lease on those terms and conditions. In pursuance of this employment Bostick found such parties, introduced them to Joseph, and brought about a meeting of the minds of lessor and lessee upon the terms and conditions stipulated in the option given Bostick. In this way the latter fully complied with his obligation to Joseph; there was nothing else for him to do, or that he was authorized to do under the terms of his employment. He had earned his commission as completely as if the parties had fully executed and entered upon the performance of the final lease contract, unless, indeed, he had subsequently by his own conduct defeated the consummation of the deal, which is not claimed.

But it is claimed by Joseph that as a matter of fact the final lease contract was not entered into, and therefore Bostick fell short of performance under his agreement. There is no merit in this contention, since the contract failed through no act of Bostick. On the other hand, it was defeated by Joseph himself, because of his insistence upon interpolating into the option a supplemental stipulation that such option or lease should not be assigned except to persons "satisfactory" to Joseph. This additional restriction was an innovation in the original contract, which provided for unconditional assignment, and, besides, it was obviously unreasonable in a 99-year lease, in which, because of its long tenure, the right to assign must remain unrestricted. It is sufficient that the minds of the parties met in agreement upon the essentials of the lease, and, as the failure of the parties to enter formally into the final contract was attributable to the capricious demand of Joseph, such failure will not be permitted to deprive Bostick of the right to his commission.

Appellant's first assignment of error is directed at the action of the court in overruling his general demurrer, and in the fifth and eighth assignments complaint is made of the overruling of special demurrers. We overrule these assignments, because in our opinion the petition was good as against these demurrers. Complaint is made in the eleventh, fourteenth, and fifteenth assignments of the refusal of the court to render judgment or peremptorily direct the jury to return a verdict for defendant below. These assignments are also without merit, and will be overruled. Both the pleadings and evidence were sufficient to take the case to the jury. In his twelfth and thirteenth assignments of error appellant complains of the submission of special issues 1 and 3, but we think the questions raised are multifarious, and the objections are without merit, since those issues were properly raised by the pleadings and evidence. This disposes of all the assignments urged on appeal.

[2, 3] It appears from the record that the trial court rendered judgment in favor of appellee for accrued interest on the amount Bostick was authorized to recover under the verdict of the jury. This was error. Interest in such cases is recoverable only as damages, and not as a matter of course, and, as such recovery was not authorized by the findings of the jury, the court was without authority to include it in the judgment. Railway v. Addison, 96 Tex. 61, 70 S. W. 200; Morriss v. Hesse (Tex. Com. App.) 231 S. W. 317. Although appellant makes no complaint of this error, it is fundamental in nature, is apparent upon the face of the record, and must be noticed, though not assigned. The judgment will be reformed so that appellee may recover of appellant the sum of $5,000, with 6 per cent. interest from the date of the judgment rendered below, to wit: July 26, 1923, together with all costs, including costs of this appeal. As so reformed the judgment will be affirmed.

Reformed and affirmed.