## MACK-INTERNATIONAL MOTOR TRUCK CORPORATION v. COONROD.
### (No. 7176.)

(Court of Civil Appeals of Texas. San Antonio. June 4, 1924. Rehearing Denied July 1, 1924.)

**1. Trover and conversion ☞35—Testimony held to create presumption of legal ownership of motor truck.**

In an action for proceeds of sale of truck converted, plaintiff's testimony, received without objection, that he owned the truck, *held* to create the presumption that such ownership was legal, in absence of showing he was not in possession of tax collector's receipt for license fee required to be paid under Acts 1919, c. 138, § 3a (Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾c).

**2. Judgment ☞256(7)—Inclusion of interest prior to judgment held error, jury's findings not authorizing it.**

Where jury's findings did not authorize the recovery of interest prior to the judgment, the inclusion in the judgment of interest was error.

**3. Costs ☞234—Appellant entitled to costs on reduction of judgment.**

Where judgment at instance of appellant is reduced on appeal by amount of interest erroneously allowed, costs will be taxed against appellee; objection having been made on motion for new trial.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by E. L. Coonrod against the Mack-International Motor Truck Corporation. From a judgment for plaintiff, defendant appeals. Reformed, and as reformed affirmed.

Phillips, Trammell & Chizum and Evan S. McCord, all of Fort Worth, for appellant.

Phillips, Brown & Morris, of Fort Worth, for appellee.

SMITH, J. [1] It appears that Coonrod turned over a motor truck to the truck corporation to be by the latter sold on commission. A few months later Coonrod was informed that the truck had been disposed of, and when the corporation refused to account for it or the proceeds from its sale Coonrod brought this suit against the corporation for the value of the truck, alleging that it had been converted. From an adverse judgment for $303.88, based upon a special verdict of a jury for $275, the corporation has appealed.

Coonrod testified, without objection from appellant, that he had purchased the truck from a Dr. Harris; that he "owned" the truck at the time appellant took possession of it for the purpose of selling it. It is perhaps inferable that when Coonrod purchased the vehicle it was secondhand, and yet it was not affirmatively shown that, at the time he delivered it to appellant to be resold, he

had physical possession of the tax collector's receipt for the license fee issued for the current year upon said vehicle, as provided in section 3a, c. 138, Gen. Laws 1919, p. 253 (Vernon's Ann. Pen. Code Supp. 1922, art. 1617¾c).

It is contended by appellant that it was incumbent upon appellee to produce such receipt, or show possession of it, and that when he failed to do so he fell short of the proof necessary to show his ownership. We overrule this contention. We think that, when he was permitted without objection to testify that he "owned" the truck, such ownership will be presumed to have been legal, in the absence of evidence that he was not in possession of the requisite receipt.

The other questions, of the delivery of the truck to appellant for the purpose of sale, of its subsequent conversion by appellant, and of its market value at approximately the time of conversion, were determined by the jury upon sufficient evidence, and we do not feel warranted in disturbing the findings thereon.

[2] The jury, however, did not find that appellee was entitled to interest prior to judgment, and the action of the court in rendering judgment for such interest was unauthorized. Railway v. Addison, 96 Tex. 61, 70 S. W. 200; Morriss v. Hesse (Tex. Com. App.) 231 S. W. 317.

[3] Accordingly, the judgment must be reformed so that appellee shall recover of appellant the sum of $275, with interest thereon from the date of the judgment rendered below, May 22, 1923, and as so reformed will be affirmed. As appellant in its motion for new trial complained of this error, the costs of appeal will be taxed against appellee.

Reformed and affirmed.