## ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. SEALE & JONES.
### (No. 451–3952.)

(Commission of Appeals of Texas, Section B. Dec. 20, 1924.)

**1. Damages ⊗═67 — Interest on unliquidated claim recoverable, only as damages.**

Interest on an unliquidated claim before the date of judgment is recoverable if at all as damages and not as interest eo nomine.

**2. Damages ⊗═153—Interest must be pleaded to warrant recovery as damages.**

To permit the recovery of interest on an unliquidated claim as damages it must be pleaded.

**3. Damages ⊗═208(9)—Allowance of interest on unliquidated claim question for jury.**

The allowance of interest as damages on an unliquidated claim is ordinarily a question for the jury.

**4. Appeal and error ⊗═1068(3)—Verdict not reversed for erroneous instruction if no other verdict authorized.**

A verdict will not be disturbed because of an erroneous charge where under the facts no other verdict could be authorized.

**5. Damages ⊗═208(9)—Allowance of interest on unliquidated claim compensation for delay.**

Interest allowed as damages on an unliquidated claim is by way of compensation for delay in payment, and cannot be assessed as a matter of law, but only where allowance would be equitable.

**6. Judgment ⊗═256(7)—Special findings by jury held not to warrant court in adding interest to time of judgment.**

Special jury findings showing that sum allowed as damages for loss to shipment of stock were fixed as of date of injury, held not to warrant court in adding interest to time of judgment, the question being for the jury and not having been submitted.

**7. Trial ⊗═255(14)—Failure to seek correction of instruction not submitting recovery of interest, held to waive right to interest.**

In shipper's action for loss to live stock shipment, where court's instructions did not submit question of interest to date of judgment, and no steps were taken to correct the omission, plaintiff must have been held to waive the question of interest.

**8. Judgment ⊗═198—Courts should rarely go behind verdict in rendering judgment.**

Courts, in rendering judgment, should rarely go behind jury's verdict.

**9. Carriers ⊗═177(3)—Acceptance of new bill of lading from connecting carrier held not to discharge initial carrier.**

Interstate character of shipment under through bill of lading, held not changed by shipper's acceptance of new bill of lading from connecting carrier, and initial carrier's liability under Vernon's Ann. Civ. St. Supp. 1922, arts. 731, 732, and the Carmack and Cummins Amendments to the Interstate Commerce Act (U. S. Comp. St. §§ 8604a, 8604aa), was not therefore affected thereby.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by Seale & Jones against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (247 S. W. 883), and defendant brings error. Reformed and affirmed.

E. B. Perkins, of Dallas, and Richard Mays, of Corsicana, for plaintiff in error.

H. E. Wassell and J. S. Callicutt, both of Corsicana, for defendants in error.

POWELL, P. J. This is an action in damages to a shipment of horses and mules shipped by defendants in error over the line of plaintiff in error and its connecting carrier from Kerens, Tex., to a point in Louisiana. A trial before a jury upon special issues resulted in a verdict and judgment in favor of defendants in error for $1,000 together with interest thereon from October 24, 1917, at the rate of 6 per cent. per annum. The judgment of the district court bore date April 18, 1921. This judgment of the district court was affirmed by the Court of Civil Appeals. See 247 S. W. 883.

We shall not give any extended statement of the facts or issues involved, but will confine ourselves to those only which bear upon the question we shall discuss in detail.

⊗═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The Court of Civil Appeals has stated the case fully. In the first place, it is contended by the Railway Company that the lower courts have erred in allowing interest at the legal rate on the judgment from the accrual of the cause of action on October 24, 1917, rather than from April 18, 1921, the date of the rendition of the judgment in the trial court; that the jury not having allowed any such interest recovery, the court could not itself do so. It is upon this point that the writ of error was granted by the Supreme Court. The charge of the court upon the measure of damages in this case read as follows:

"Upon the question of damages you are instructed that if you find that the plaintiffs are entitled to recover, then their measure of damages would be this: Find the market value of said stock at Gloster if they had been in the condition they were when delivered by plaintiffs to defendant at Kerens, subject to such deterioration or injury as ordinarily results to such shipments of stock; then find the value of said stock in the condition they were delivered at Gloster, not considering, however, such deterioration or injury as ordinarily results to such shipments of stock, and the difference would be the measure of damages."

Bearing in mind that instruction, the court submitted many questions, including the following:

"Question No. 4. If you answer that said horses and mules were damaged and injured, as stated in question No. 3, then what was the reasonable market value of the 29 head delivered by the T. & P. Ry. Co. to the plaintiffs at Gloster, La., on the 24th day of October, 1917, in the condition in which the same were delivered by said railway company to plaintiffs? Answer. $1,500.
"Question No. 5. What would have been the reasonable market value of the 29 head of horses and mules at Gloster, La., which were delivered to the plaintiffs by the T. & P. Ry. Co. on the date of their delivery, October 24, 1917, if the same had been delivered in an uninjured and undamaged condition? Answer. $2,500."

The difference in the amounts constituting the answers to these questions became the basis of the judgment of the trial court.

[1] It is the well settled law of this state that this item of interest between October 24, 1917, and April 18, 1921, is not interest eo nomine, but, if recoverable at all, can be so recovered only by way of damages. See Pecos & N. T. Ry. Co. v. Rayzor, 106 Tex. 544, 172 S. W. 1103; Ry. Co. v. Mathews, 108 Tex. 228, 191 S. W. 559; Ry. Co. v. Lyon, 112 Tex. 30, 245 S. W. 973; McDaniel v. Laundry Co., 112 Tex. 54, 244 S. W. 135; Lumber Co. v. Henderson (Tex. Com. App.) 252 S. W. 1044.

The Mathews Case, supra, is a cattle shipment case and exactly in point. In that case, Judge Yantis said:

"It is not a case where interest is recoverable eo nomine, but if recoverable at all it is only recoverable as an item of damage. This item was not sued for, and was, therefore, not in controversy. A litigant may, at his election, omit to sue for any item which is due him (San Antonio & Aransas Pass Railway Co. v. Addison, 96 Tex. 64, 70 S. W. 200), and not thereby place such item in controversy, unless it is necessarily involved as a part of some other item of damage that has been placed in controversy. Pecos & Northern Texas Railway Co. v. Rayzor, 106 Tex. 544."

[2, 3] It is equally well settled that before this character of interest, recoverable as damages, can be recovered, it must have its basis in the pleadings. It must be shown in the petition that such interest is being prayed for. See authorities just above listed. Again, it is just as true, as in the case of recovery of damages generally, that the allowance of such interest as damages is ordinarily a question for the jury. See Heidenheimer v. Ellis, 67 Tex. 429, 3 S. W. 666, 667. Upon this point, in that case, Judge Gaines says:

"It is sometimes said that when interest is allowable by way of damages, the allowance is in the discretion of the jury; and in the opinion from which we have quoted (Rensselaer Glass Factory v. Reid [5 Conn. 604,] supra), it is laid down broadly that in all these cases this discretion of the jury is absolute. Such, however, is not the rule as applicable to every case of this character. H. & T. C. Ry. Co. v. Jackson, [62 Tex. 209,] supra. But it is recognized by the court in Close v. Fields, [13 Tex. 623,] supra, in which they say: 'The charge is objectionable in this, that it did not leave the question of interest under the name of damages to the discretion of the jury, but treated it as one belonging to the court. And for this error we would have been bound to reverse the judgment, if the statement of facts had left it at all doubtful whether the verdict of the jury could consistently with the facts have been different, if the jury had been informed that it was a matter within their discretion to allow damages or not. We are, however, fully satisfied that the evidence would not have authorized a different conclusion. The fact of the jury, in the verdict, calling it interest when it was damages, is no ground for reversal.' The same remarks are applicable to the case before us. It is true there is no statement of facts here, but for that reason we are to presume that everything necessary to sustain the verdict was proved on the trial which could have been proved under the pleadings."

[4] The case of Close v. Fields, referred to in the aforesaid case, is reported in 13 Tex. 623, and was a suit for money collected by the defendant for the use and benefit of plaintiff and wrongfully retained, and interest was allowed as a part of the damages. The case at bar certainly presents no stronger claim for the interest in question than did the Fields Case, and, yet, in the latter case, the court held that the question of such interest, as damages, was in the discretion of the jury. It is ordinarily so, but a verdict even under an erroneous charge, will not be disturbed

where no other verdict, under the facts, would have been consistent or authorized. Under such a state of facts, the verdict would not be disturbed.

[5] It is unquestionably true that upon an ascertained damage, a party should have legal interest, under the law, from the date of accrual of the cause of action. This upon the theory that he is entitled to his money at that time. And, if delayed, he should have interest during such period of delay. No other theory would meet the demands either of law or equity. But, in a case of unliquidated damages, such as we have in the case at bar, it is frequently difficult for the parties to agree, at the time of the accrual of the cause of action, as to what the damage is in dollars and cents. For that reason, our Supreme Court has held that it is for the jury to determine whether or not, under all the facts and circumstances in the case, it would be equitable to assess interest from the accrual of the cause of action. In other words, it is easily perceived that either of the parties might be responsible for the delay in ascertaining the amount of damage or agreeing upon the same. The allowance of interest as damages is by way of compensation for delay in paying what one owes. Certainly, no such compensation could equitably be assessed when the circumstances show that the debtor was not responsible for failure to pay the correct amount of damages promptly. To illustrate, suppose there was a delay in shipment of livestock. The owner of the stock thinks he has been damaged several thousand dollars; the railway company disagrees in good faith, and says it thinks the damage is only $1,000; the company offers to pay that amount promptly; no settlement is had; a lawsuit ensues, and many years later a judgment is rendered that the damage, at the time the shipment was made, was the said sum of $1,000. It certainly should not be contended that the company should pay interest on this $1,000 when the delay in its payment was in no wise its fault, because it would have paid that amount from the beginning. Other illustrations could be given, but this will suffice. Under rules of law, interest should be allowed during delay in paying an ascertained amount owing to another, but under equitable rules, the jury must determine whether or not, under all the facts and circumstances of the very case, it is equitable and right to assess interest between the accrual of the cause of action and the date of the judgment in the trial court, when the exact amount of the debt is for the first time ascertained. We think it quite clear that our Supreme Court has adopted the proper rule. We do not believe any court would hold that, under all circumstances, as a matter of law, interest of this kind on an unliquidated claim should be assessed.

Another Supreme Court decision holding that interest like that in the case at bar is a jury question is that of Railway Co. v. Addison, 96 Tex. 63, 70 S. W. 200. In the latter case, suit was to recover $130 as damages to horses shipped over the appellant's line of railway. Upon a trial in the county court on December 12, 1901, judgment was entered for $130, with 6 per cent. interest thereon from May 20, 1900. The evidence without conflict, showed that plaintiffs' cause of action accrued May 20, 1900, and that the amount of damages sustained at that time was $130, and furthermore, the court in its charge to the jury did not authorize the recovery of interest. So, it is necessary to assume that the jury included no interest in their verdict. The only way to allow interest, as the trial court did in the Addison Case, was as a matter of law. The Court of Civil Appeals, relying upon Railway Co. v. Jackson, 62 Tex. 209 (also relied upon by Court of Civil Appeals in the instant case), allowed Addison his interest. But that court later certified three questions to the Supreme Court, the first of which reads:

"(1) In the absence of a verdict finding 6 per cent. interest on the amount found by the jury, there being no conflict in the evidence as to the fact that the injury occurred on May 20, 1900, had the court the authority to render judgment for 6 per cent. interest on the $130 recovered by the plaintiff from the day of the accrual of the plaintiff's cause of action?"

Above question was answered by our Supreme Court as follows:

"1. We answer the first question in the negative. The issues of the fact having been submitted to a jury, the verdict constituted the sole basis for the judgment. Ablowich v. Bank, 95 Texas, 429."

In answering the other certified questions the court said: "Neither the pleadings nor the verdict" in the case authorized a judgment for more than $130.

[6] The Addison Case is exactly like the case at bar, except that the pleadings in the instant case would authorize the recovery of this interest had the jury allowed it. But, the jury did not do so in the Addison Case or in the case at bar. In neither case was the item of interest even submitted to the jury. In the Addison Case, the undisputed testimony showed that the damage, at the time the cause of action accrued, was $130, the exact amount of the verdict. In the instant case, the jury found the difference in value of the horses when delivered, and what the value should then have been was $1,000. Our Supreme Court held that the trial court could not add interest in the Addison Case in the absence of a jury allowance thereof. We do not see how it can be added here without overruling the Addison Case.

Another case directly in point is that of Morriss v. Hesse (Tex. Com. App.) 231 S. W.

317. In that case, a jury had answered "$250" to the following issue:

"By what amount, if any, was the value of the use and enjoyment of the land by an owner of the fee-simple title diminished by Burk (the tenant's) ocupation or use of the same, or such part of the same as you may believe from the evidence he occupied or used, and during such time as you may believe from the evidence that he occupied or used the same after the deed for the land by A. G. Morriss to Mrs. Hesse?"

To the verdict of $250 was added $81.25 by the trial court, that being 6 per cent. per annum for several years from and after the death of Wm. Hesse. No complaint was made of the amount of interest allowed, the contention being that none should be allowed. The Court of Civil Appeals affirmed this allowance of interest. But the Commission of Appeals held as follows:

"We are of the opinion that the second assignment of error is well taken. The question is clearly ruled by the case of San Antonio & A. P. Ry. Co. v. Addison, 96 Tex. 61, 70 S. W. 200. The holding in that case, in so far as applicable to the case at bar, is to the effect that interest cannot be allowed from the date of accrual of the cause of action to the date of judgment, in the absence of a finding of the jury awarding such interest. 'The issues of the fact having been submitted to a jury, the verdict constituted the sole basis for the judgment.'

The recent case of So. Gas., etc., Co. v. Adams et al., 227 S. W. 945, by Section A of the Commission of Appeals, applies this doctrine to cases submitted to a jury upon special issues, and is therefore in all fours with the present case. We recommend that the judgments of the district court, and of the Court of Civil Appeals be reversed, and that judgment be rendered in favor of defendant in error for $250, with 6 per cent. interest per annum thereon from June 22, 1918, the date of the trial court's judgment."

This judgment recommended by the Commission of Appeals was adopted by the Supreme Court. The judgment itself was based upon this very interest rule. Therefore, this precise question was necessarily before our Supreme Court.

Judge Kittrell referred to another very interesting case by Section A of the Commission of Appeals. In that case, Gasoline Engine Co. v. Adams & Peters, 227 S. W. 945, the trial court had refused to allow interest not allowed by the jury. But, the Court of Civil Appeals reformed the judgment and allowed such interest. Judge Spencer, for the Commission, defined the measure of damages in the case in this language:

"In an action of this character the correct measure of damages for the loss of the potato crop would be the difference between the market value of the potato crop as harvested, and its value had the harvesting not been delayed, with interest from the date of the accrual of

the cause of action until the date of trial. T. & P. Ry. Co. v. Tankersley, 63 Tex. 57."

Later Judge Spencer concluded as follows:

"The charge of the court made no reference to interest as an element of damage, but followed the general allegations of the pleadings. Defendants in error did not object to the charge as given, nor did they request a special charge embodying interest as an element of damage. It was the duty of the defendants in error to have requested a charge informing the jury to include interest from the date of the accrual of the cause of action up to the time of trial as an element of damage, in the event that they found defendants in error had suffered damages, and, not having done so, they waived their right thereto. Galveston Oil Co. v. Malin, 60 Tex. 645. We recommend, therefore, that the judgment of the Court of Civil Appeals reforming and affirming the judgment be reversed, and that the judgment of the trial court be affirmed."

The judgment so recommended was adopted by the Supreme Court, and this very question, being the only one in the case, was evidently passed upon by that court. Reading the opinion of the Court of Civil Appeals in this last case, it will be seen that that court and the Commission agreed that the pleadings were sufficient for the recovery of this interest. But they disagreed on the power of the court, as a matter of law, to allow such interest.

[7] As Judge Spencer says, the jury must allow such interest before it can be included in the judgment, but he says the interested party stood by and did not object to a charge which omitted the interest issue. So it was in the case at bar. No such issue was submitted to the jury in this case. The measure of damages, as defined by the trial court herein, did not include the interest issue, as would have been proper, and yet the attorneys for the shippers did not except to such an omission. Nor did they ask a charge or issue authorizing the jury to allow interest from the accrual of the cause of action. Under the decision rendered by Judge Spencer, supra, they must be held to have waived such interest; and this is as it should be. The charge on the measure of damages was defective. It was not full enough. If counsel stood by and did not object, nor seek to correct it, as they did not, they should not now be heard to complain.

The Jackson Case, relied upon in this connection by the Court of Civil Appeals, is not in point, because there was no jury trial in that case. The trial there was before the court, who made findings of fact, and from such fact findings, allowed interest of this kind as matter of law. Under the particular facts there present and under the other circumstances enumerated in that case, the Supreme Court approved the allowance of legal interest as being correct.

It may be said that the jury under proper pleadings would have had the same right to allow this interest as did the trial court. But, there was no jury to try the facts.

At the same time, the court in the Jackson Case said:

"Under the rule laid down in Fowler v. Davenport, 21 Tex. 635, and Wolfe v. Lacy, 30 Tex. 350, the facts of this case justified the judge who tried the cause in giving interest as part of the damage to which the appellee was entitled."

In the case of Fowler v. Davenport, 21 Tex. 626, referred to above, the Supreme Court of our state lays down the following rule:

"With reference to interest, a distinction is taken in both the English and American authorities, which should not be lost sight of. Upon contracts in which an agreement to pay interest is expressed or can be implied, the interest is a legal incident, and it is held to be the duty of the court to instruct the jury to give interest. Then it is matter of law. In other cases it is matter of fact, as damages in other cases, and may be allowed by the jury by analogy to interest. In such cases, 'it is not an incident to the debt, but may be allowed under circumstances, by way of mulct or punishment for some fraud, delinquency or injustice of the debtor, or for some injury done by him to the creditor.' Renss. G. F. v. Reid, 5 Cow. 614."

So, it will be observed that the court, in the Jackson Case, did not intend to say, that, under all circumstances, interest of this kind could be allowed as a matter of law, and therefore was not for the jury. The Jackson Case did not involve a shipment of horses or live stock, and in other respects was not on "all fours" with the case at bar, and, as already shown, it was not a jury trial anyway.

Again, as showing that the court in the Jackson Case did not intend to say that this interest item was a matter of law at all times, the same justice who wrote the opinion in that case was still on the court when the case of Heidheimer v. Ellis, supra, was written. We have already quoted from this latter case, showing that the court therein was of the view that such an interest question is ordinarily one for the jury.

The Jackson Case does correctly announce the rules of law on measure of damages in cases of this kind, and the jurors should be so charged. But when the jury renders its verdict the latter should be the sole basis of the judgment to be entered.

[8] Courts should not ordinarily go behind the verdicts of jurors in rendering their judgments. It should only be done in rare cases. Many reasons for the rule laid down in the Addison Case by our Supreme Court are manifest.

In view of what has been said, we are of the opinion that the judgments of the district court and Court of Civil Appeals should be so reformed as to allow interest on $1,000, the principal of the judgment, from April 18, 1921, the date of the judgment in the trial court, rather than from October 24, 1917, the date of the accrual of the cause of action. We recommend that these judgments be so reformed.

[9] The application contains other assignments, but we think the Court of Civil Appeals has reached the correct result in this case. Perhaps the most interesting question before the court was whether or not this shipment was an interstate one upon a through bill of lading. The Court of Civil Appeals held that it was. In doing so, it relied very largely upon a similar decision by the Court of Civil Appeals at Austin in case of G., C. & S. F. Ry. Co. v. Hines, 239 S. W. 244. After the application for writ of error was granted in the instant case, and in fact only about one year ago, Section A of the Commission of Appeals passed upon this same case (250 S. W. 1015), and approved, in every way, the opinion of the Court of Civil Appeals. The judgment recommended by the Commission in that case was adopted by the Supreme Court. The Hines Case is practically in all fours with the case at bar, and we think the Court of Civil Appeals in the latter case correctly decided that this was an interstate shipment on a through bill of lading. Therefore, the initial carrier is liable for the damages sustained by the defendants in error.

We concur in the view of the Court of Civil Appeals herein that no reversible error was shown by the record, except in so far as we have already ruled differently from the Court of Civil Appeals upon the interest question involved.

Therefore, we recommend that the judgments of the district court and Court of Civil Appeals be reformed as already set out by us; that, as so reformed, the judgments of both of said courts be affirmed.

CURETON, C. J. Judgments of the Court of Civil Appeals and the district court both reformed and affirmed, as recommended by the Commission of Appeals.