Wheeler, C. J.
—There was no error in the judgment enjoining the execution as to-the plaintiff, Watson, for the plain reason, that there was no judgment to .support the execution as to him. He had joined in the appeal bond, it is true—at least his name appears as one of the sureties on the bond; but the appellees had not chosen to take judgment against Mm on the bond upon the affirmance of the judgment, as was their right. (O. & W. Dig., Art. 1921.) And as the appeal bond had not the force and effect of a judgment, (Ib.,Art. 549,) it is manifest that execution could not legally issue either upon the judgment of tMs court or upon the appeal bond. The execution, having issued without authority of law, was void, and was, therefore, very properly enjoined.
It is not controverted that the execution was improperly issued; but it is insisted, for the appellant, that, upon the case brought before the court by the allegations and proof, and under the prayer for general relief, the court should have proceeded to give judgment and award execution against the plaintiff, Watson, upon the bond. This court has often recognized and acted on the rule in equity that, although the party, in his special prayer for relief, has mistaken the relief to wMch he is entitled, yet under the prayer for general relief he shall have awarded him the appropriate relief to which, upon the allegations and proof, he may appear to be entitled. And if the allegations of the appellants and the proofs clearly showed them entitled to the rendition of judgment and execution upon the bond, the present might be a proper case for the application of the rule. But it is essential that the defendant should have so framed his answer as. to show himself entitled to judgment upon the bond. At all events, the allegations of the party must not be repugnant to the granting of such relief; which, it is conceived, is the case here presented by the answer. It is averred that the plaintiff, Watson, was a party defendant to the judgment ren *217 dered in the Supreme Court, and that the execution was legally sued out against him. This is equivalent to saying, that the liability of the plaintiff upon the bond had already been adjudicated by the Supreme Court; and, if this he so, the party was not entitled to have it again adjudicated in that court. To have proceeded to judgment, as it is now insisted the court should have done, would have been repugnant to the case presented by the allegations of the party. There is nothing in the answer which, by way of averment or admission, submitted to the court a state of case as existing, upon which the court would have been warranted in proceeding to render judgment and award execution upon the bond. The admission which the answer contains respecting the averments of the petition, concerning the action of this court upon the appeal, is so carefully framed as not to admit the averment that judgment was not rendered against Watson upon the bond. To have proceeded to give judgment and order execution to issue on the bond, therefore, would have been to grant relief, not only not according to the case made by the answer, hut repugnant to its allegations.
We are of opinion that there is no error in the judgment, and it is •
Affirmed.