ERIE CITY IRON WORKS v. W. C. NOBLE ET AL.

Decided December 13, 1909.

**1.—Appeal—Brief—Suggestion of Error.**

The Appellate Courts will not consider a suggestion in appellant's brief of error in computing the amount of the verdict, when the matter was not brought to the attention of the trial court by a special charge nor in the motion for new trial, nor presented by an assignment of error.

**2.—Accounts—Debits and Credits—Interest—Pleading.**

Under a prayer for general relief interest may be allowed by way of indemnification as part of the damages claimed, provided the damages be laid

at an amount sufficient to include the interest in addition to the specific items of damage claimed; but in the absence of a specific prayer for interest or an allegation of damages in excess of the sum of the items of damage alleged, interest upon said items can not be allowed and the recovery will be limited to the specific damages sued for.

### 3.—Damages—Loss of Crop—Evidence—Comparative Yields.

The issue being the amount of loss suffered by defendant by reason of the failure of plaintiff to irrigate his land, it was permissible to prove the amount and value of crops of the same kind raised during the same year on land thirty miles distant, it being shown that the lands were practically the same as to character and fertility.

Appeal from the District Court of Harris County. Tried below before Hon. Norman G. Kittrell.

*Lane, Wolters & Storey,* for appellant.—Where the jury returns a verdict in excess of the amount claimed in the defendants' pleading in reconvention, and in excess of the amount authorized by the charge of the court under the evidence admitted, the verdict of the jury should be set aside and a new trial granted, and the rendition of such a verdict indicates, manifestly, improper motives on the part of the jury, bias or prejudice, or such ignorance as renders their verdict valueless, and the same should be set aside. Spiva v. Williams, 20 Texas, 442; Barnett v. Caruth, 22 Texas, 174; Darden v. Mathews, 22 Texas, 324.

Comparison of crops of land at a great distance from the land upon which the crop in question was raised, and at so great a distance that the seasons, as to rainfall, might have been, and doubtless were, entirely different, is not competent to show the probable yield which would have resulted from the crop in question.

*Hogg, Gill & Jones,* for appellees.—The comparison of lands made by the witness Clark was material and competent; the evidence showing the lands to be practically the same in all material respects. Ellis v. Tips, 16 Texas Civ. App., 82; Masterson v. Heitman, 38 Texas Civ. App., 476; Wright v. Davenport, 44 Texas, 167; Osborne v. Poindexter, 34 S. W., 299; Dubois v. Bigler, 95 Pa. St., 203; McCormick v. Vanhatta, 43 Iowa, 389; J. I. Jones Co. v. Niles (Wis.), 63 N. W., 1013.

Interest on the items of damage for loss of crop are properly allowable. Gulf, C. & S. F. Ry. Co. v. Dunlap, 26 S. W., 655; Ft. Worth & D. C. Ry. Co. v. Greathouse, 82 Texas, 104; Houston & T. C. Ry. Co. v. Jackson, 62 Texas, 212; International & G. N. R. Co. v. Lewis, 23 S. W., 324.

McMEANS, ASSOCIATE JUSTICE.—W. C. Noble and Willett Wilson, defendants in the court below, being the owners of a plantation near Edna, in Jackson County, Texas, approached the Erie City Iron Works, plaintiff in the court below, for the purpose of contracting for the purchase and erection by the plaintiff of a complete pumping plant on said plantation. They explained to the plaintiff that they were ignorant of the character of the machinery necessary for that

purpose and as to what would constitute a complete pumping plant. They further explained that they desired to grow rice on their land, and that the rainfall was not sufficient for that purpose, and that it was important to them that the plant be erected as soon as possible and in such manner as to irrigate their rice farm, otherwise they would suffer damage should their rice crop fail for lack of water. Thereupon plaintiff and defendants entered into contract whereby the plaintiff agreed to furnish the necessary machinery and erect the pumping plant on defendant's land for the contract price of $3,325; and the purchasers agreed to pay to the contractor one-half of said sum on arrival of the machinery at Edna, and the other half, $1,662.-50, on November 15, 1903, the deferred payment to bear seven percent per annum interest from the date of delivery, together with ten percent attorney's fees in case suit should be brought therefor. Plaintiff, in said contract, warranted the machinery to elevate 3000 gallons of water per minute against a total head of fifty-five feet, when properly operated by a competent person and with the proper fuel, and guaranteed all material and workmanship. Defendants agreed to make all excavations necessary to properly install the plant, to furnish the brick and do the foundation work, and to haul the machinery from Edna to the pumping site in good order and as received, etc. Defendants made the first payment for the plant, but declined to pay the second payment, or to execute their notes therefor, because they claimed that they had been damaged in excess of that amount by failure of the plaintiff to erect such a plant, and within the time, called for by the contract. Hence, plaintiff filed suit for the balance claimed to be due to it, together with seven percent interest thereon from March 28, 1903, the date of the arrival of the machinery at Edna, and for ten percent attorney's fees, and for foreclosure of certain liens, a further reference to which will be unnecessary, also claimed the sum of $85, made up of certain items of machinery which plaintiff claimed to have furnished the defendants, and for the service of one of its men sent to work on the plant. The amount of the items going to make up the $85 was not allowed by the jury, and no complaint as to this is urged by the plaintiff.

Defendants admitted the execution of the contract and the payment of $1,662.50, denied compliance by plaintiff in many particulars with its contract, and pleaded breach of the warranty as to the pumping capacity of the plant. They further pleaded that by reason of the alleged breaches on the part of plaintiff the consideration for said contract failed and that they did not owe appellant anything, but that they had been compelled, by reason of plaintiff's default, to expend cash as follows:

| | |
|---|---|
| Cash paid plaintiff upon arrival of machinery at Edna | $1,662.50 |
| Freight on parts shipped | 6.03 |
| Paid Richberg, plaintiff's employe | 10.00 |
| Merchandise at Edna | 7.75 |
| Service of Malone | 4.75 |

| | |
|---|---|
| Cash paid Carruth at plaintiff's request.......... | 27.00 |
| Richberg's board ............................ | 17.85 |
| Hauling extra wheel and freight................ | 10.00 |
| Labor on defective foundations.................. | 12.00 |
| Paid W. E. Anderson, engineer, for testing plant, which did not come up to test............... | 35.00 |

                            Total................................$1,792.88

For which sum they prayed judgment against plaintiff. They also, by further plea in reconvention, sought to recover the value of their rice crop lost in 1903, amounting to $2000, and for 1904, amounting to $875, and also for an additional sum of $1,000, which they alleged would be necessary to expend to complete the plant in accordance with the contract. There was no testimony offered in support of this last item, and defendants' claim therefor appears to have been abandoned.

Upon a trial before a jury a verdict was returned in favor of defendants for the sum of $1,697.15. Defendants having entered a remittitur of $697.15, thereby reducing the amount of recovery to $1000, a judgment for defendants was entered for said sum, and plaintiff's motion for a new trial, complaining, among other things, that the verdict was excessive, being overruled, plaintiff has appealed.

Appellant's first and second assignments of error complain that the verdict is excessive and that the court erred in allowing to defendants an award of damages which is not justified by either the law or the evidence, nor authorized by the pleadings of defendants.

It will be observed that the specific amounts for which defendants sue aggregate $4,667.88. One of the items was a claim for $1,662.50, being the amount agreed to be paid by defendants and which was paid by them to plaintiff upon the arrival of the machinery at Edna, and which defendants sought to recover from plaintiff. Manifestly, this recovery ought to have been denied them, and was in fact denied them by the court. Deducting this sum from the total amount claimed leaves $3005.38, for which the jury, under the evidence, might have found in their favor. The plaintiff was entitled to a finding in its favor for the deferred payment of $1,662.50, the balance of the agreed price for the machinery, with seven percent interest thereon from March 28, 1903, which together amounted to $2,305.80. Deducting this sum from the $3005.38, which the jury might have found for defendants, leaves $699.58, which is the largest sum that the jury was authorized, under the pleadings and evidence, to find in favor of defendants. The jury, however, found the amount due to defendants to be $1,697.15, and of this sum there was remitted $697.15, leaving a balance of $1000, for which judgment was entered. Thus we see that the judgment is for $300.42 more than it should have been under the pleadings and evidence.

But appellant contends that it was entitled to attorney's fees of ten percent upon the principal and interest of the deferred payment, which would amount to $232.97, and that this sum should be also deducted from the amount of appellees' recovery. Appellees' liability

1909.]        ERIE CITY IRON WORKS v. NOBLE.        249

to appellant for attorney's fees was pleaded, but it does not appear that any evidence was offered in support of the claim other than the contract which provides that appellees should become liable therefor in certain contingencies. However that may be, the charge of the court did not authorize a recovery for attorney's fees, and no special charge requesting a submission of the claim to the jury was asked, and no complaint of the failure to submit the question was made in the motion for new trial, or presented by any assignment of error; and we think that appellant's contention that this court should take the matter of attorney's fees into consideration in considering the question of the excessiveness of the verdict comes too late.

But appellees contend that they were and are entitled to interest upon the various items of damage pleaded by them in their cross-bill and allowed by the jury; and that when such interest is taken into consideration the amount due them far exceeds the sum for which judgment was rendered in their favor. There was no prayer for interest upon the amounts sought to be recovered by appellees in their cross-bill, but as there was a prayer for general relief it seems that a specific prayer for interest would not be necessary, but that interest may be allowed by way of indemnification as part of the damages, provided the amount claimed in the pleadings be laid in a sufficient sum to cover the loss at the time of the accrual of the cause of action and the interest thereon from that date to the time of trial. (San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 61; Western U. Tel. Co. v. Garner, 83 S. W., 433.) It will be noted that the appellees pleaded specifically the items of damage that went to make up the total amount of their claim, and the aggregate of these was $4,667.88. One of the items was the $1,662.50 which they had paid plaintiff and sought to recover from it, which manifestly they had no right to do and which the court below so instructed the jury, and of which appellees do not complain. The remaining specific items aggregate the amount the jury must have allowed them, as shown by the figures presented by appellees in their brief, and comprises the entire amount they claimed after deducting the amount of this payment to appellant. Had there been a prayer for interest or had they laid their damages in such a sum as to include the interest in addition to the specific damages claimed, they would be right in their contention; but having failed to do either, they must be held to a recovery of only the specific damages sued for.

The court did not err in refusing to give appellant's special charges Nos. 1 and 2, as complained of in the third and fourth assignments of error. These instructions were sufficiently covered by the main charge.

Nor was it error to permit the witness Ross Clark to testify to the amount and value of crops raised by him in 1903 and 1904 in Victoria County upon land situated some thirty miles distant from that of appellees. It was shown that the lands were practically the same as to character and fertility, and the testimony was admissible to show what the yield on appellees' land would probably have been during said years had the pumping plant been such as to have afforded a sufficient supply of water for irrigation.

We have examined the other assignments presented by appellant and are of the opinion that no reversible errors are shown upon this appeal except that raised by the first and second assignments; and for the error indicated the judgment of the court below will be reversed and the cause remanded for a new trial unless the appellees shall within twenty days from December 9, 1909, file in this court a remittitur of $300.42, and in such event the judgment of the court below will be affirmed.

*Affirmed on remittitur.*