MAGNOLIA MOTOR SALES CORP. v. CHAFFEE. (No. 7290.)

(Court of Civil Appeals of Texas. Galveston. Jan. 16, 1917. Rehearing Denied Feb. 8, 1917.)

1. APPEAL AND ERROR ⏎926(1) — EXPERT TESTIMONY — BILL OF EXCEPTIONS — PRESUMPTION.

Where appellant's bill of exceptions to the admission of expert testimony over its objection does not show what examination, or that no examination, was made to test the qualifications of the witness, the presumption is that the court satisfied itself by proper inquiry as to the competency of the evidence, and the appellant cannot complain on appeal of the trial court's action in allowing the witness to testify as an expert.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. 1279, 3735–3738, 3741, 3743.]

2. WITNESSES ⏎286(4)—EXAMINATION—REDIRECT EXAMINATION.

In a suit for damages for conversion of an automobile alleged to have been retaken by defendant under the terms of the mortgage because it believed the security for the notes had become insecure, where the question of exemplary damages had been eliminated and a witness had been examined fully in regard to a telephone conversation between plaintiff's attorney and defendant's president, the exclusion of testimony on redirect examination that the attorney told the president if he did not turn back the car he would "see about it," the president having replied that he could "see about it and be damned," was not error, since the matter had been gone over already, and, if not had no material bearing upon defendant's defense.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 997.]

3. TRIAL ⏎260(6) — INSTRUCTIONS—REPETITION.

An instruction, directing the jury to find whether or not defendant in taking possession of the car from plaintiff believed that the security of its notes against the automobile had been rendered unsafe and insecure from any cause, sufficiently presented the defense under the terms of the mortgage for retaking the automobile, and a requested instruction that if defendant had reason to believe, and in good faith did believe, it was insecure was justified in taking the automobile, though his debt might not, in fact, be insecure, was properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 656.]

4. APPEAL AND ERROR ⏎1066 — REVIEW—PREJUDICIAL ERROR.

An instruction that the first of the series of notes against the automobile was not due at the time of taking the car because the three days of grace allowed by law had not expired was not prejudicial to defendant's defense that it retook the automobile under the terms of the mortgage.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4220.]

5. TRIAL ⏎295(1) — INSTRUCTIONS — CONSTRUCTION AS A WHOLE.

In determining the meaning of an instruction, the appellate court should consider the charge as a whole.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 703, 704, 713, 714, 717.]

6. TRIAL ⏎295(12)—INSTRUCTIONS.

Where the instructions in several places referred to the taking of the car, it was sufficiently plain that the "legal right" of the defendant mentioned in the instructions meant the legal right to take the car.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 716.]

7. JUDGMENT ⏎253(2) — INTEREST — PLEADING.

Where plaintiff alleged the value of the automobile in his petition and did not ask for interest and the jury gave him the exact amount alleged, it was error for the court to add interest in excess of the amount prayed for, since in such a case interest may be allowed as a part of the damages only where the amount claimed in the pleading is sufficient to cover the loss at the time of accrual of the cause of action and the interest.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444.]

8. APPEAL AND ERROR ⏎1153—DISPOSITION OF CAUSE.

As the trial court erroneously added an amount for interest to plaintiff's judgment, it is the duty of the appellate court to render such judgment as should have been rendered below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507–4512.]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Action by George W. Chaffee against the Magnolia Motor Sales Corporation. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Fisher, Campbell & Amerman, of Houston, for appellant. Baldwin & Baldwin, of Houston, for appellee.

GRAVES, J. This action was a suit for damages for conversion of an automobile brought by George W. Chaffee, who is the appellee in this court, as plaintiff, against Magnolia Motor Sales Corporation, which is appellant in this court, as defendant, in which the value of the automobile alleged to have been converted was stated at the specific sum of $1,200. It was further alleged that the automobile had been converted under such circumstances, that is, force, fraud, and deception, as entitled the plaintiff to exemplary damages and such damages were claimed by him in the sum of $1,000. There is no specific allegation that plaintiff was entitled to interest upon the value of the automobile from the date of the alleged conversion to the date of the trial, nor was there a separate prayer for such interest, but only the

usual prayer for general and special relief, etc. Further, the amount sought as damages was laid at the gross sum of $1,200, exclusive of the claim for $1,000 as exemplary damages. The defendant admitted the taking of the automobile, but denied that it had been done either by force or fraud or with any other purpose than to protect its security for the debt it alleged plaintiff still owed it as part of the purchase money for the automobile, to wit, some unpaid vendor's lien purchase-money notes it still held against him on said automobile, aggregating the sum of $587.33. In further defense of its act in taking said automobile from the plaintiff the defendant pleaded that, while plaintiff was the owner of the automobile, it was subject to the lien of a chattel mortgage in favor of defendant, securing the above-mentioned purchase-money notes, and that these notes were due and unpaid, or at least that defendant believed that they were due at the date of the taking of the automobile, by virtue of the default of note No. 1 of this series of notes under the provisions of which defendant had the right to declare them all due on failure to pay the first one when matured, and that it had accordingly declared them all due. This mortgage, which was pleaded by defendant as a part of its answer, provided that if at any time the holder of any of said notes should feel unsafe or insecure from any cause as to its security, which consisted entirely of the automobile, then the holder of any of said notes was authorized by the mortgage to take possession of and sell the automobile as provided in the mortgage. Defendant thus specially defended its taking of the automobile under these provisions of the mortgage, which taking occurred on April 10, 1915, one day after maturity according to its face of the first one of said unpaid purchase-money notes against it, which matured April 9, 1915, there being then unexpired two of the three days of grace allowed by law after the due date of said note. Subsequent to this taking of the automobile by defendant, on May 31, 1915, pursuant to the provisions of the law in such case, it sold said automobile at public auction for the sum of $50 and credited the same upon its debt.

The trial was before a jury, and was submitted upon special issues upon the actual value of the car, the court having ruled that no evidence was submitted sufficient to submit the issue of exemplary damages to the jury, and thus the question of exemplary damages and the claim thereto passed out of the case, leaving plaintiff's claim to actual damages, as above stated, at the gross sum of $1,200, the alleged value of automobile, exclusive of interest; nor did the court submit to the jury the question of whether or not plaintiff was entitled to any interest on the value of the automobile.

In response to the issues thus submitted, the jury found the value of the automobile

to be $1,200, the full amount alleged by plaintiff, and that the defendant, in taking possession of the car from plaintiff on the 10th day of April, 1915, did not believe that the security of its note (to wit, the automobile or car) had been rendered unsafe or insecure from any cause. Upon the verdict thus returned the court entered judgment for plaintiff for $659.47, which was arrived at by adding to the $1,200, found by the jury as the value of the automobile, 6 per cent. interest upon said sum from April 15, 1915, the date of the taking of the automobile to the date of the trial, said interest amounting to the sum of $46.80, making a total of $1,246.80, and by deducting from this total the amount then due by plaintiff to defendant on said purchase-money notes, aggregating $587.33, leaving the said net balance of $659.47 in favor of plaintiff.

The defendant, Magnolia Motor Sales Corporation, alone has appealed from this judgment upon a number of assignments of error.

[1] In its first assignment it contends that the court erred in allowing the witness Boyle to give his opinion upon the value of the automobile upon the ground that he had not properly qualified as an expert. Appellant's bill of exceptions to the admission of this testimony over its objection does not show what examination, or that no examination, was made to test the qualifications of this witness. That being the case, it cannot, in this court, complain of the trial court's allowing the witness to testify as an expert, and we overrule said assignment. We quote as the rule upon this question the following paragraph from the recent case of Taylor Bros. Jewelry Co. v. Kelley, 189 S. W. page 342:

"The fifth is that the court erred in permitting witness to testify as to value of the automobile because he was not qualified as an expert. The bill of exceptions does not show what examination, nor that no examination, was made to test the qualifications of the witnesses, and in such cases the presumption is that the court satisfied himself by proper inquiry as to the competency of the evidence, and the mere statement that the witness had not qualified is not enough to rebut the presumption. Hardin v. Sparks, 70 Tex. 429, 7 S. W. 769."

[2] Under its second assignment of error appellant complains of the court's refusal to permit it to prove the details and words of a telephone conversation, had between its president and the attorney for appellee before the filing of the suit, about what would or would not be done in case the automobile was not returned to appellee, the substance of this conversation being that, when appellee's attorney told appellant's president if he did not turn back the car he would "see about it," the president having replied that he could "see and be damned." This telephone conversation was brought out on redirect examination, and after the witness had been

fully cross-examined as to said conversation, at that time stating all that occurred with a "few embellishments." The court sustained plaintiff's objection to the admission of this testimony because the matter had been gone over already, in which action we think there was no error, and we overrule said assignment. Even if these details of the telephone conversation had not been previously brought out, we cannot see that they had any material bearing upon appellant's defense, especially in view of the fact that the question of exemplary damages had been taken out of the case.

[3] By its third and fourth assignments appellant assails the charge of the court on the ground that it did not go far enough and did not, in addition to requiring the jury to find whether or not the defendant, prior to taking the automobile, had reason to believe its debt insecure from any cause, further tell the jury that, if defendant had reason to believe, and in good faith did believe, it was insecure, it was justified in taking the automobile, although its debt might not, in fact, be insecure, and even though its reason for thinking it insecure might not appear to the jury as a sufficient one. We cannot sustain this position. We think the general charge of the court sufficient, in that it very plainly and directly required the jury to find whether or not the defendant in taking possession of the car from plaintiff believed that the security of its notes, to wit, the said automobile or car, had been rendered unsafe or insecure from any cause, and the jury answered that it did not so believe. This submitted squarely the defense claimed by defendant under the terms of its mortgage for the taking of the automobile, and it was entitled to nothing more.

[4] Under its fifth assignment appellant complains that the court unnecessarily charged the jury that the first of its said notes against said car was not due at the time of the taking of the car by it, because the three days of grace allowed by law had not expired. While there may have been no necessity for the court to give this charge, it is admittedly the law, and we cannot see how it could have injured appellant or in any way materially affected its defense. While it pleaded that it believed it had the right to declare all its notes due at the time it took the automobile, it relied upon its right to take the same under the terms of its mortgage, and claimed that it had done so by virtue of said right and its then belief that that had been violated by certain stated conditions surrounding appellee in his ownership and possession of the car.

[5, 6] Appellant further attacks the court's charge in its sixth assignment, on the ground that it is not sufficiently clear what was meant by the terms therein used, "the legal right" of the defendant. While there may have been some typographical omission from the wording, taking the charge as a whole, as the court should do in determining its meaning, we do not think it subject to this objection. On the contrary, we think it quite clear from the context of the whole charge that "the legal right to take the car" was what was meant, and that this was so plain that the jury could not have been misled by the omission. In several places throughout the charge, in fact in the paragraph complained of, the taking of the car is referred to; and elsewhere in the charge, in pointing out the position of defendant in the case, the court had recited that it made only two claims: First, "that it believed at the time of the said taking that the first of said notes was due and payable;" and, second, "and because from the provision or clause in said mortgage, etc., that it would have the right to take possession of said automobile," etc. Then, after disposing of defendant's first position with reference to the notes, the court in the paragraph complained of began its instruction upon the only other claim, that is, its right to take possession of said automobile, as follows: "With reference to the other claim of defendant, you are instructed," etc. Hence, without setting out the further features of the charge, we overrule the assignment.

[7] This brings us to the seventh and last assignment of error complaining of the action of the court in adding the interest, as above set out, to the amount of the jury's verdict, appellant's proposition under this assignment being as follows:

"Where a plaintiff in a suit for conversion alleges the value of the article converted, and does not pray for interest, and where the jury gives him the exact amount alleged in his petition, it is error for the court to add interest in excess of the amount prayed for; there being no prayer for interest."

We think this proposition states the law applicable here, and we sustain it. The facts with reference to this claim for interest have been fully set out at the beginning of this opinion, and will not be here repeated. The rule as to the allowance of interest in this kind of case is well stated by Mr. Justice McMeans in Erie City Iron Works v. Noble et al., 58 Tex. Civ. App. 249, 124 S. W. at page 174, as follows:

"But appellees contend that they were and are entitled to interest upon the various items of damage pleaded by them in their cross-bill and allowed by the jury, and that when such interest is taken into consideration the amount due them far exceeds the sum for which judgment was rendered in their favor. There was no prayer for interest upon the amounts sought to be recovered by appellees in their cross-bill; but, as there was a prayer for general relief, it seems that a specific prayer for interest would not be necessary, but that interest may be allowed by way of indemnification as part of the damages, provided the amount claimed in the pleadings be laid in a sufficient sum to cover the loss at the time of the accrual of the cause of action and the interest thereon from that date to the time of trial. Railway Co. v.

Addison, 96 Tex. 61, 70 S. W. 200; W. U. Tel. Co. v. Garner, 83 S. W. 433."

[8] From what has been said it follows that the trial court gave appellee judgment on account of this interest in the sum of $46.-80 more than he was entitled to, and it being the duty of this court to render such judgment as should have been rendered below, the judgment of the trial court will be reformed by the deduction therefrom of $46.80, that is. by reducing the $659.47 to $612.67, and, as so reformed, will be affirmed.

Reformed and affirmed.