KUEHLER et al. v. TEXAS POWER CORPORATION. .(No. 7232.)

Court of Civil Appeals of Texas. Austin. June 27, 1928.

Rehearing Denied Oct. 3, 1928.

Wm. H. Russell and Dielmann & Gittinger, all of San Antonio, for appellants.

A. J. Wirtz and R. A. Weinert, both of Seguin, for appellee.

McCLENDON, C. J. Appeal from an interlocutory order denying appellants'. prayer for a temporary mandatory injunction compelling appellee to lower the waters raised by a dam across the Guadalupe river so as not to overflow lands of appellants or obstruct the natural flow of the river adjacent to appellants' land. The trial judge denied the temporary injunction on the ground that in his opinion the equities were with defendant.

It is admitted that the defendant corporation has the right of eminent domain, and it was virtually conceded in the argument that all of the rights of defendants interfered with are subject to condemnation and may be compensated for in damages with the exception of a certain water wheel which defendants are using as power for a small irrigation plant. Appellants contend that this water wheel is not subject to condemnation under article 7584, Revised Statutes of 1925. Since we are of the view that the right to a temporary mandatory injunction depends upon the right of condemnation, we shall pretermit discussion of the several items of damage complained of, other than the water wheel item.

The pertinent facts as gleaned from the verified pleadings and statement of facts follow:

Appellants own certain lands in Comal county, bordering on the Guadalupe river, a navigable stream. In 1910 they constructed a system for the purpose of irrigating about two acres of their land by means of a water wheel and sprinkling system. There are several types of water wheels, and the record is silent as to the type in use, but we gather from inferences in the record and from the argument that it was of the undershot type, merely using the ordinary current of the stream without any dam or other artificial structure. On June 30, 1914, one of the appellants filed and had recorded, in the water rights records of Comal county, an affidavit showing ownership of the lands in question, and alleging the following:

"That a part of the above-described tract of land is used by operating a windmill, by means of which water is transmitted through pipes for irrigating purposes to irrigate about two acres of land. * * *

"That the number of acres irrigated are about two acres. The *name of the pipe is C. Kuehler's.* The water is transmitted and is to be transmitted through said pipe, and the irrigation is by sprinkling said land. The water wheel is situate on the bank of the Guadalupe river. The said pipe has a width of about one inch and one-fourth of another at bottom and a depth of about one inch and one-fourth of another. at top with a carrying capacity of about one-third of a cubic foot of water per second. The stream from which said water is taken is the Guadalupe river. The accompanying map shows the place from which the water is taken by said pipe, and shows the direction of the water taken by said pipe. * * * Said water wheel was completed about the 13th of March, 1910. Said pipe runs in a western and southern direction from the Guadalupe river."

The water wheel referred to has been in operation ever since its original construction in 1910, and furnishes power sufficient to the irrigation plant except in times of flood. On July 25, 1914, the state board of water engineers granted appellee a permit to construct a number of dams on the Guadalupe river, under which the dam in question was completed some time during 1927. This dam is below appellants' lands, and raises the water of the river so as to overflow a small portion of the land, and eliminates the ordinary current of the river by which the water wheel is propelled, thus in. effect destroying the water wheel as the generator of power. This dam cost some $500,000 and to lower the waters pending the adjudication of the rights of the parties would result in loss to appellee of from $100 to $300 per day.

The pertinent portions of article 7584, read:

"No corporation * * * shall have the right or power to acquire by right of eminent domain or condemnation, any riparian right, or rights, water rights or right, dam or dams, or water supply, or any land or lands on, under or adjacent to any stream or streams in the state of Texas, when held, owned or claimed by any corporation, person, or association of persons for the purpose of constructing or erecting any dam, lock, reservoir, power plant, canal, tailrace or channel for the purpose of using the waters of said stream, or any part thereof, for developing, using or furnishing power, on any streams, or stream, the waters of which are actually being used, in whole or in part, for such uses or purposes."

This article was originally enacted in 1923 (chapter 151, Gen. Laws 38th Leg. p. 324), and, so far as our investigation reveals, has never been construed. It presents to our mind some difficulties in construction which our study of it has not altogether removed. The main difficulty we find is in determining whether the clause "when held," etc., applies to all

water rights, etc., that precede it, or whether that clause is limited in application to "any land or lands," etc. If the latter, then it would seem that the article absolutely inhibits the acquisition by eminent domain of any water or riparian right. If the former, it only prohibits such acquisition when such rights are held for the purpose of erecting a dam, lock, reservoir, power plant, canal, tailrace, or channel. We have reached the conclusion, based upon grammatical construction and punctuation, as well as upon the internal evidence which the article affords, that the clause in question applies to and limits all the preceding enumerated rights and things; and so construed we are clear in the view that the water wheel does not come within the inhibitions of the act. It is certainly not a dam, lock, reservoir, canal, tailrace, or channel, and we do not believe that it may in any proper sense be classified as a power plant within the meaning of the article. It may also be seriously questioned whether it falls within the designation of riparian or water right.

Even if we were inclined to a different construction of the statute, however, we do not believe the trial court abused its discretion in denying a temporary mandatory injunction. The only purpose such injunction would serve would be to preserve the ordinary flow of the river so as to keep the water wheel in operation pending the determination of appellants' rights upon the merits of the case. The water supply is in no way abridged, and the plant is now being, or may be, operated by a gasoline engine at relatively small expense. The injury to appellants in preventing the operation of the water wheel pending the suit is one that can be readily compensated for in damages, and this injury is small in comparison with the injury to appellee which would flow from granting the temporary mandatory injunction.

We have pretermitted consideration of the effect of the affidavit under which appellants claim the right to operate the water wheel, assuming for the purposes of this appeal that they thereby acquired the rights they assert.

The trial court's judgment is affirmed.

Affirmed.