## TEXAS POWER CORPORATION v. KUEHLER et al.

### No. 7481.

Court of Civil Appeals of Texas. Austin.

Nov. 20, 1930.

Rehearing Denied Jan. 21, 1931.

382

Wirtz & Weinert and W. S. Gideon, all of Seguin, and Martin Faust, of New Braunfels, for appellant.

Dielmann & Forster and L. J. Gittinger, all of San Antonio, for appellees.

McCLENDON, C. J.

As originally brought, this suit was by the Kuehlers against the Texas Power Corporation, to enjoin impounding the waters of the Guadalupe river by a dam so as to destroy a water wheel operated by the river current, which furnished power for pumping water for domestic and irrigation purposes upon riparian lands of plaintiffs. An interlocutory order denying a temporary injunction was affirmed upon appeal to this court. 9 S.W.(2d) 435, error refused 118 Tex. 224, 13 S.W.(2d) 667.

In the trial upon the merits, plaintiffs abandoned injunctive relief, and by agreement the only issues presented were the value of the water wheel and appurtenant rights, and the value of lands that were overflowed and pecan trees that were destroyed by the lake made by the dam. The trial was to a jury upon special issues, and resulted in a judgment for plaintiffs for the aggregate amount of the items found by the jury, with interest from date of judgment. Thereafter, upon motion of plaintiffs, the trial court added interest at the legal rate from the accrual of the cause of action until the date of judgment. The power company has appealed.

The questions presented upon appeal relate only to the court's action in adding interest, and that portion of the judgment based upon the jury finding of $2,500 as the market value of the water wheel rights. The points raised in the latter regard are:

1. That certain witnesses who testified as to market value had not qualified thereon, but based their evidence in replacement value.

2. That evidence of cost of constructing and operating a gasoline plant was not admissible and should have been excluded.

3. That the verdict was excessive.

4. That certain photographs were improperly admitted.

We have reached the conclusion that there was no error in the action of the court in adding interest from the date of accrual of the cause of action until the date of judgment.

The pleadings did not ask specifically for interest on the damages claimed, but the amount in which each item was laid was sufficient to cover the interest awarded by the court, and there was a prayer for general relief. In San Antonio & A. P. R. Co. v. Addison, 96 Tex. 61, 70 S. W. 200, 201, it is said: "In cases of this character interest may be allowed by way of indemnification as a part of the damages, but is never allowed eo nomine, and therefore, in order to recover interest, the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action, and the interest thereon from that date to the time of the trial."

Specifically, it was held in Erie, etc., v. Noble, 58 Tex. Civ. App. 245, 124 S. W. 172, that, where there is a prayer for general re-

lief, recoverable interest on damages may be allowed within the amount laid in the pleadings, although there is no specific claim in the pleadings for interest as such.

Under these authorities we hold the pleadings sufficient.

The interest allowed came within the holding in the following quotation from Western Union Tel. Co. v. Eckhardt (Tex. Civ. App.) 2 S.W.(2d) 505, 509: "In this state interest eo nomine is recoverable only where allowed by statute (article 5069, 5070 [Rev. St. 1925]). But it is now the settled law of this state that, where the damages, whether ex contractu or ex delicto, are complete at a definite time, and the amount is determined by fixed rules of evidence and known standards of value, interest is recoverable as a matter of law from date of accrual of the cause of action. Railway v. Jackson, 62 Tex. 209; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Atkinson v. Jackson (Tex. Civ. App.) 259 S. W. 280; 28 L. R. A. (N. S.) 1, note."

■ There was no fact question for the jury to determine on the issue of interest, and therefore, since the case was submitted on special issues, it was not necessary for any jury finding thereon. Ewing v. Foley, 115 Tex. 222, 280 S. W. 499, 44 A. L. R. 627.

■ The photographs were introduced to show the condition produced upon the land by the lake, and have no bearing upon the issues relating to the water wheel. Since no question is raised with reference to the verdict and judgment upon the issues upon which the photographs were introduced, any question as to the propriety of their admissibility is purely academic. Appellant's contentions in this regard are therefore overruled.

The three points which relate to the water wheel issue are interrelated and will be considered together. The pertinent record facts follow:

In plaintiff's petition upon which they went to trial, the allegation of damage is that plaintiffs "will be required to supplant said water wheel driven as aforesaid by adequate facilities to furnish * * * the facilities heretofore rendered by said water wheel and the use thereof, which facilities cannot be supplanted for less than the sum of $5,000.00," which plaintiffs alleged to be their measure of recovery. In a trial amendment, plaintiffs sought in the alternative to recover $5,000 as the market value of the water wheel and appurtenant rights in case they were not entitled to recover upon the measure of damages alleged in the original pleading.

The issue submitted to the jury was market value only, as to which there was no objection by either party. There was a great deal of evidence introduced with reference to the cost of installing and operating a gasoline engine and pump of the requisite horse power

to replace the water wheel. The cost of installing varied from about $250 to $450, and the cost of operation was estimated at about $30 per month. It is manifest that, if this were the proper measure of damages, the amount found by the jury was very moderate, since $30 per month capitalized at the legal rate of 6 per cent. would be more than twice the amount awarded by the jury. At the conclusion of the evidence plaintiff requested the following special charge: "In determining market value, you will not take into consideration the replacement value, cost price, or special value to the owner." This charge was refused; but the following charge, which had been requested by the defendant, was given: "You are instructed that in answering the issue submitted by the court in which you are called upon to find the value of plaintiffs' water wheel and water rights, you will answer by stating the market value, and not the value of replacement of like facilities, by gasoline engine, or otherwise, and you will not consider any evidence of such replacement cost."

There is one material difference in these two issues; the first eliminates "special value to the owner," which is omitted from the second. Wm. Kuehler testified: "I know that in 1927 my water wheel had a market value, and I know that it had a value to me, and had a value to Ida Kuehler. Its value to me, without regard to its replacement, was at least $2,500.00."

■ It is significant that this is the exact figure found by the jury. It is not necessary to cite authority upon the proposition that, where the measure of damages is based upon market value, evidence of special value to the owner is not competent. The refusal of the first of these special issues was therefore, we think, clearly erroneous.

■ Objection was made to the evidence of Wm. Kuehler and Frank Poppe as to the market value of the water wheel and appurtenant rights, because they had not qualified as knowing such market value; and because it appeared conclusively from their eivdence that they based their opinion upon replacement cost. Kuehler testified as above quoted, adding: "I base that on the fact that it would take that much to replace it with a construction to get water similarly to the house."

Poppe testified: "I consider the value of the Kuehler water wheel while it was operating as I saw it in 1927, as it used to be, $3000.00 market value. I understand market value to be what the wheel would actually cost." It is manifest from his testimony that by "actual cost" he did not mean cost of the water wheel (as he placed that at about $100), but the cost of replacement of the power produced thereby by some other character of power. Neither of these witnesses showed that he knew any other method of ascertaining market value, and we think clearly the testimony, in so far

as it sought to establish market value, was inadmissible; and the objections should have been sustained.

■ If we eliminate the evidence of replacement cost of other power, and the testimony of Kuehler and Poppe as to market value based clearly on such replacement cost, the verdict is excessive, as there is no other testimony that would warrant a valuation in excess of about $1,000 or $1,200. A witness for defendant, who had negotiated for a number of water wheel rights in connection with the defendant's power construction, testified to having purchased such water wheels and rights at from $400 to about $1,200. However, the higher figure included other items such as injury to overflowed lands. This was the only testimony in the record tending to show a market value outside of that above noted, which as stated was based upon replacement cost.

■■ In view of a new trial, we think it well to make some observations upon the proper measure of damages for destruction of the water wheel and incident rights. It is plain that wheel and rights had a very substantial value to plaintiffs, and such measure of damages should be applied as would adequately compensate them for the injury they sustained. Although both parties contended in this court that there was a market value for the water wheel and incident rights, we very much doubt if the facts warrant that conclusion. Clearly the only value of the wheel and appurtenant rights was as a power producer. The water supply was not cut off or otherwise injuriously affected. The injury was the destruction of power which operated the water wheel. The evidence showed that the wheel was a very simple contrivance, costing about $100; that the upkeep was very small; and that it was in constant operation except during short periods of high water. We are unable to conceive of any value the wheel could have except as connected with the land. It furnished power to pump water for domestic purposes, including watering stock and for irrigating a garden of about one acre. It seems to us that the proper measure of damages might be arrived at in one of two ways: Either in the difference in the value (market, if any, or, if not, intrinsic) of the land with and without the water wheel; or the cost of some other power, which would include the original cost of construction and the difference in operation cost between the water wheel and the other power capitalized on the proper interest basis. We cannot see how the water wheel and rights could have any independent market value, or in fact any independent value at all. They could not be used except by the riparian landowner; and the value to the particular land, either in depreciated value or cost of duplication, should, we think, constitute the true measure

of damages, which at bottom is rested upon the principle of compensation.

That portion of the judgment awarding $2,-500 for the water wheel and appurtenant rights and interest thereon is reversed, and the cause remanded for a new trial. In all other respects the trial court's judgment is affirmed.

Reversed and remanded in part, and in part affirmed.

### On Motion for Rehearing.

Appellant insists that we have misconstrued the holding in Erie, etc., v. Noble, 58 Tex. Civ. App. 245, 124 S. W. 172, as it relates to the sufficiency of the pleadings upon the question of interest. The exact point made is that the damages alleged in the petition are in specific amounts upon each item; and, while the amount awarded by the jury on each item plus interest thereon does not exceed the amount alleged, interest cannot be allowed, because there was no claim for interest as such, and there was no general ad damnum allegation or prayer for an amount in excess of the specific allegations.

It may be that we have misconstrued the holding in the above and some of the other cases cited by appellant; but we are clearly of the view that upon principle the trial court was authorized by the pleadings to award interest in this case.

The petition alleged facts showing plaintiffs to be entitled to actual damages in the amount alleged upon each item, and that such damages accrued at specific dates. Under the holdings in the cases cited in our original opinion, such facts entitled plaintiffs to interest as a matter of law. The prayer concludes: "For such other and further relief, general and special, at law and in equity, to which the plaintiffs may show themselves entitled to receive." The petition therefore alleged every fact essential to the recovery of interest, and the prayer for general relief certainly ought to be sufficient to authorize the court to afford it.

As stated in the early case of Lee v. Boutwell, 44 Tex. 151, Chief Justice Roberts writing: "The cause of action under our system of pleading depends upon the facts stated in the petition that are appropriate for a recovery rather than upon the particular breach laid, or *the specific relief prayed, where there is a general prayer for relief*, which, of course, must be understood to have reference and applicability to the facts alleged, whether specific relief as specially prayed be granted or not." (Italics ours.)

■ The principle thus announced may now be regarded as fundamental and elementary in our Texas system of pleading. And under the prayer for general relief our courts have uniformly awarded the full measure of recovery warranted by the facts stated in the

pleadings, regardless of any deficiency in the prayer for specific relief. Trammell v. Watson, 25 Tex. Supp. 210; Silberberg v. Pearson, 75 Tex. 287, 12 S. W. 850; Garvin v. Hall, 83 Tex. 295, 18 S. W. 731.

The case presented in the record resolves itself into the following: Plaintiffs have pleaded a case which entitles them upon the facts stated to interest upon the damages shown from the date of the accrual as a matter of law. The evidence was sufficient to warrant the jury findings as to the amount of such damages. The uncontradicted evidence fixes the date at which the damages accrued. The prayer asked for such general relief as plaintiffs might appear entitled to. Under the facts alleged and proven, plaintiffs would be entitled as a matter of law to interest. No injury whatever could result to defendant by the omission of a specific prayer for interest. It was deprived of no right and deterred from making no defense that was not applicable alike to the relief specifically prayed for. By every rule of justice and fair dealing plaintiffs are entitled to interest. By applying the ordinary test of common sense to the situation, plaintiffs are entitled to interest. It would therefore be an extremely technical rule of law that would deny it to them.

The motion is overruled.

Overruled.