## TEXAS POWER CORPORATION v. KUEHLER et al.

### No. 1360—5928.

Commission of Appeals of Texas, Section B.

July 19, 1932.

See, also, 9 S.W.(2d) 435.

Wirtz & Weinert and W. S. Gideon, all of Seguin, and Martin Faust, of New Braunsfels, for plaintiff in error.

Dielmann & Forster and L. J. Gittinger, all of San Antonio, for defendants in error.

LEDDY, J.

In this case the Honorable Court of Civil Appeals sustained the action of the trial court in adding interest at the legal rate to the amount found by the jury as damages sustained by defendant in error. 34 S.W.(2d) 381, 382.

The basis for this ruling is shown in the following statement from the opinion of that court: "The pleadings did not ask specifically for interest on the damages claimed, but the amount in which each item was laid was sufficient to cover the interest awarded by the court, and there was a prayer for general relief."

The cases of San Antonio & A. P. R. Co. v. Addison, 96 Tex. 61, 70 S. W. 200, 201, and Erie City Iron Works v. Noble, 58 Tex. Civ. App. 245, 124 S. W. 172, 174, are cited by that court to sustain the proposition that interest may be added under the circumstances above set forth.

The rule announced in the cases cited is the correct one. Properly applied, however, it does not sustain the award of interest in this case. We disagree with the conclusion of the Court of Civil Appeals that there was claimed in the pleadings an amount sufficient to cover the interest awarded. Defendant in error in his pleadings set forth a specific sum as the market value of the land alleged to have been appropriated by plaintiff in error, and also a specific sum as being the market value of the pecan trees alleged to have been destroyed. He prayed judgment for these specific amounts.

In the Addison Case, supra, in passing upon the sufficiency of a pleading to authorize the award of interest as a part of the damages, the court observed: "In cases of this character interest may be allowed by way of indemnification as a part of the damages, but is never allowed eo nomine, and therefore, in order to recover interest, the damages claimed in the pleadings must be laid in a sufficient amount to cover the loss at the time of the accrual of the cause of action, and the interest thereon from that date to the time of the trial."

In the other case relied upon by the Court of Civil Appeals, the ruling in this regard is thus stated: "Had there been a prayer for interest, or had they laid their damages in

such a sum as to include the interest *in addition to the specific damages claimed*, they would be right in their contention; but, having failed to do either, they must be held to a recovery of only the specific damages sued for."

It was evidently the view of the Court of Civil Appeals that where a party claims damages in a specific sum alleged to be the market value of property which has been destroyed that, if the jury finds such item in a lesser sum than that claimed, the margin left between the amount awarded and the amount alleged as market value may be used as ·a basis for the allowance of interest if there is a prayer for general relief.

In a case of this character interest is an item of damage and no item of damage can be awarded unless there rests in the pleadings a basis for such allowance. We think a correct application of the rule announced in the above cases is that if a party alleges a specific sum as the market value of property destroyed and prays for damages sufficiently in excess of such sum to cover interest, it may be awarded if there is a prayer for its recovery or a prayer for general relief. In this case the prayer for damages was for the exact amount claimed to be the market value of the property alleged to have been destroyed. Merely because the jury found the market value to be less than that alleged by defendant in error did not authorize the court, under the prayer for general relief, to award additional damages in the form of interest, as the amount claimed in the petition was confined to the market·value of the property. No damages were prayed for in excess of such sum under which interest might be properly allowed. City of San Antonio v. Pfeifer (Tex. Civ. App.) 216 S. W. 207.

It is suggested by defendant in error that no strictness of pleading is required in a condemnation suit and that this case should be treated as being in the nature of such a proceeding. The suit is not one for condemnation of land, but for damages, and therefore must be governed by the same rule as is applied in any other action for damages.

The Court of Civil Appeals reversed that portion of the judgment awarding defendant in error damages for the market value of a water wheel and its appurtenant rights because there was not, in its opinion, sufficient evidence to sustain the amount found by the jury as the market value of such wheel. Complaint is made that the Court of Civil· Appeals incorrectly determined this question. This court, however, has no jurisdiction to review the finding of the Court of Civil Appeals on the sufficiency of the evidence to sustain the finding of the jury upon a special issue. Its reversal of this portion of the judgment must be affirmed.

The judgment will be reformed so as to eliminate the item of $425.28 interest, added by the trial court to the amount found by the jury, and as reformed the judgment of the Court of Civil Appeals should be affirmed.

We therefore recommend that the judgment be reformed as above indicated, and as reformed, the judgment of the Court of Civil Appeals is affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals is reformed, and as reformed is affirmed, as recommended by the Commission of Appeals.