## REYMERSHOFFER v. RAY.

### No. 10087.

Court of Civil Appeals of Texas. Galveston.
July 12, 1935.

Rehearing Denied Oct. 3, 1935.

Kenley & Kenley and R. O. Kenley, all of Houston, and Williams, Neethe & Williams, of Galveston, for plaintiff in error.

Hirsch, Susman & Westheimer and Harry Susman, all of Houston, for defendant in error.

PLEASANTS, Chief Justice.

For convenience the defendant in error will be hereinafter referred to by his original designation as plaintiff, and the plaintiff in error as defendant.

Plaintiff brought this suit to recover upon two contracts executed by the defendant, by a petition filed in the trial court on October 6, 1932.

The first claim against defendant alleged in the petition is for an interest of 15 per cent. "in all of the rights, properties, stocks, bonds, and other property concerning the Alamo Drilling & Leasing Company."

The second claim is for "expenses incurred by plaintiff in assisting the defendant, and his attorney, Hirsch, in protecting the interests of defendant in said company (Alamo Drilling & Leasing Company) and in the stocks, bonds, leases, royalty, and other interests therein, or in connection therewith."

These two claims are alleged to be founded upon contracts executed by and between the parties on November 24, 1930.

The petition, after alleging that the amount of expenses incurred by plaintiff under said contracts, now due him by defendant, is the sum of $530, then alleges in substance that the defendant had at the

time and since the execution of said contracts secured $32,000 worth of bonds in the Alamo Drilling & Leasing Company, a copy of one of this series of bonds issued by said company being attached to the petition, and "that defendant has collected various and sundry amounts as interest payments on said bonds, the exact amount of which is to the plaintiff unknown," and further alleges:

"Plaintiff further shows to the court that the defendant, in order to avoid the force and effect of his agreement made with the plaintiff, conspired and schemed with others to permit the properties of the Alamo Drilling & Leasing Company to be sold through receivership, and that said defendant procured others to purchase said property, which purchase, however, has been made for and on behalf of the defendant and for his benefit. That said defendant has received various and sundry secret amounts, or has contracts to receive various and sundry amounts and interests in the properties owned formerly by the Alamo Drilling & Leasing Company, all of which is well known to the defendant, the details of which, however, are not known to the plaintiff.

"That plaintiff has frequently, both orally and in writing, made demand of the defendant that the defendant pay to the plaintiff the sum of Five Hundred Thirty Dollars ($530.00), expended by the plaintiff in the defendant's behalf for expenses, and fifteen per cent (15%) of the bonds of the Alamo Drilling & Leasing Company, being, to-wit, the sum of Four Thousand Eight Hundred Dollars ($4,800.00) worth of bonds, and to convey to the plaintiff fifteen per cent (15%) of all and every interest which the defendant has received, both in interest payment, and all other interest of every kind whatsoever in the Alamo· Drilling & Leasing Company properties. But that the defendant, although frequently requested to do so, has failed to make payment to the plaintiff of the bonds, or any part thereof which is due to the plaintiff, or to make an assignment to the plaintiff of any other interest which is due by the plaintiff by virtue of the contracts aforesaid.

"Wherefore, premises considered, plaintiff prays the court that defendant be cited to appear and answer herein; and plaintiff further prays that defendant be required to make an accounting of all of the bonds, money, leases, leasehold interests, future, contingent, or otherwise, and all interests or property of every kind which he has received, or is under contract to receive, express or implied; and that plaintiff have judgment against the defendant for at least the sum of Ten Thousand Dollars ($10,000.00), and for such further sums as shall be found due on such accounting, and for such other and further relief to which he may show himself entitled, both in law and in equity."

Defendant in the court below filed a plea of misjoinder of parties based on the failure of plaintiff to make Maurice Hirsch, who is shown by the petition to own an interest of 10 per cent. of the property involved in this suit, a party to the suit. This plea was filed on January 5, 1933.

The defendant on the same date filed an amended answer to plaintiff's petition which contains a general demurrer, numerous special exceptions to the petition, a general denial, and several special pleas. The nature of the exceptions and pleas as far as may be deemed necessary in the discussion of the questions presented by the appeal will be hereinafter shown.

The general demurrer and special exceptions were all overruled by the court on February 14, 1933, by order entered on that date. The plea of misjoinder was overruled by order of the court made and entered on April 22, 1933.

The trial of the case with a jury began on April 25, 1932. Upon the conclusion of plaintiff's evidence, the defendant asked that the jury be instructed to return a verdict in his favor. The request was refused by the court. Defendant having offered no evidence, the court, upon plaintiff's motion, instructed the jury to return a verdict in his favor for damages in the sum of $4,800, and upon return of such verdict judgment was accordingly rendered for plaintiff on April 26, 1933. There is nothing in the record to show that a plea of misjoinder was filed or presented with or prior to defendant's original answer.

We are relieved of the necessity of setting out and discussing most of the many propositions in the brief of plaintiff in error, since the record shows that defendant in error, plaintiff in the court below, by his requested instruction given by the court abandoned all of his alleged claims against the plaintiff in error except his claim for 15 per cent. of the value of the $32,000 worth of bonds alleged to have

been wrongfully withheld from him by plaintiff in error.

In this state of the record, it is only necessary for us to consider and decide three of the propositions presented by the brief.

The first of these propositions raises the question of the sufficiency of the petition to support the judgment. We think the allegations of the petition, which we have before set out, are sufficient to support plaintiff's claim for 15 per cent. of the $32,000 worth of bonds withheld from him by the defendant. Every reasonable intendment must be indulged in favor of the sufficiency of the petition as against a general demurrer. Under this uniform rule of decision, the trial court did not err in refusing to sustain the general demurrer to the petition. Authorities supporting this conclusion are too numerous to require citation.

There were no special exceptions to the allegations of the petition as respects this claim, other than an exception to the petition as a whole on the ground that the allegations are not statements of facts but mere conclusions of the pleader, and another exception attacking the allegations of the petition before set out describing the method pursued by the defendant in secretly acquiring the properties of the Alamo Company, on the ground that the allegations "are vague, indefinite, uncertain, and but the conclusions of the pleader," and that plaintiff fails to name the person or persons "with whom defendant conspired or schemed, and also fails to show in what way or manner this defendant conspired and schemed with others as charged therein."

Most of these so-called "special exceptions" are what have been designated in our decisions as "speaking demurrers." They are in effect only general demurrers and as such were properly overruled by the court.

The other allegations of the petition in which a conspiracy is alleged were subject to the special exceptions presented by appellant, but these allegations were additional to the general allegations before set out and formed no part of the issues upon which the judgment was rendered.

We will next consider appellant's complaint that the trial court erred in overruling the plea in abatement, on the ground that Maurice Hirsch was a necessary party to this suit. We think the plea was without merit and was properly overruled.

The record shows that appellant had contracted with Mr. Hirsch to give him as compensation for legal services 10 per cent. of the bonds obtained by defendant from the Alamo Company. The contract and assignment of a 15 per cent. interest in these bonds to appellee was separate from the contract with Hirsch; neither appellee Ray nor Hirsch had any right or interest in the bonds other than the separate interest assigned to each of them. The series of bonds issued by the Alamo Company of which $32,000 was acquired by the appellant were all shown by the evidence to be of equal value, in proportion to their face value. In this state of the record, no sound reason in law or equity requires that Hirsch be made a party to appellee's suit to recover damages from appellant for breach of contract to deliver to appellee 15 per cent. of these bonds or pay him 15 per cent. of their value.

In addition to this, the record fails to show that a plea of misjoinder was filed and presented at any time prior to filing the first amended petition. In this state of the record the plea could have been properly overruled by the court on the ground that it was not filed and presented in due order of pleading.

The only remaining question for our determination is whether the evidence was such as to authorize the court to instruct a verdict for plaintiff. This question must be answered in the affirmative.

The undisputed evidence shows that appellee, under appellant's written contract with him and others, who thereafter assigned their interest in the contract to plaintiff, was entitled to receive from appellant 15 per cent. of the bonds acquired by appellant from the Alamo Drilling & Leasing Company, or 15 per cent. of the value of these bonds. Appellant, by an instrument in writing duly executed by him, makes the following declaration and assignment of this interest to appellee in these bonds:

"That I, J. Reymershoffer, of Galveston, Texas, in consideration of services heretofore rendered to me by Chas. Ray, receipt of which is hereby acknowledged, transfer and assign and convey until the said Chas. Ray a fifteen (15%) per cent interest in and to all of my interest in Alamo Drilling and Leasing Company, including stock, bonds and royalty interests in properties

operated by or in which said company has interest, and also a fifteen (15%) per cent interest in such further stock or other interests as may be secured by me in connection with the affairs of or dealings with Alamo Drilling and Leasing Company, and also the right to secure on request the same percentage of interest in and to my interest in and to any leases or lease holds in which the company has an interest.

"On request, transfer will be made to Chas. Ray by separate instruments or by delivery as the case may be of the interests hereby transferred."

Appellee testified, in substance, that he had made demand upon appellant for 15 per cent. of these bonds or their value, but appellant had failed to give him the bonds or pay him 15 per cent. of their value, but told him he had used the bonds as security for a loan.

Appellant, when placed on the stand by appellee, testified that prior to the execution of the above contract he had through appellee acquired $32,000. worth of bonds of the Alamo Company and had these bonds in his possession at the time the contract was executed. He further testified that appellee had made demand on him for 15 per cent. of these bonds, and he (appellant) made no answer to this demand. In answer to a question by appellee's attorney if he did not tell appellee in February, 1932, that he had put these bonds up as security on a loan, and that he would soon have the money and would either pay the value of 15 per cent. of the bonds or give him the bonds, he replied "that he did not remember." The undisputed evidence shows that the value of these bonds was $32,000.

As before stated, defendant offered no evidence.

In this state of the evidence we do not think the court erred in instructing the jury to return a verdict for plaintiff for the value of the bonds.

Able assistant counsel for appellant have presented an unanswerable argument in support of their propositions, that a court of equity will not generally decree specific performance of contracts concerning chattels, nor can a court of equity acquire jurisdiction of a suit for partition of personal property unless all of those owning an interest in the property are parties to the suit. The only trouble with this argument is that it has, "like the flowers that bloom in the spring, tra la," nothing to do with the case. This is not a suit for specific performance of appellant's contract to deliver to appellee 15 per cent. of the bonds of the Alamo Company held by appellant prior to the time he assigned and contracted to deliver these bonds to appellee, but is a suit to recover damages for breach of that contract, which is clearly maintainable under the authority cited by appellant (Pomeroy's Equity, vol. 4 [3rd Ed.] par. 1042) and so far as we are aware under all the authorities dealing with the question of liability in a suit for damages for breach of contract. Nor is this a suit for partition. If the suit could be so considered, there is nothing in the record to indicate that there was any difference in the respective value of the series of bonds of which the bonds in question were a part. On the contrary, the evidence shows that all of these bonds were of equal proportionate value in reference to their face value, and no possible equitable reason could require that all those having an interest in this issue of bonds should be made parties to a suit of one of the owners for his proportionate share of the bonds, or their value.

We think the petition as against a general demurrer can properly be regarded as a suit for conversion. The allegations are in effect that appellee under his written contract with appellant had acquired an interest of 15 per cent. in these bonds, or of 15 per cent. of their value; that he had made demand upon appellant for the bonds or their value; and that appellant had failed and refused to deliver the bonds or to pay appellee 15 per cent. of their value, which he alleged to be $32,000. Under these allegations, we think appellee was entitled to show, as he did by the undisputed evidence, that he had earned and owned 15 per cent. of these bonds which appellant held for him; that appellant had refused to deliver the bonds to him, and had appropriated them to his own use by hypothecating them as security for a loan. The petition then asks for equity and general relief.

It seems clear to us that upon these allegations and facts appellee was entitled to recover damages for the wrongful conversion of his property by appellant.

This conclusion that the petition can be properly construed as one for damage for conversion is not affected by the failure of appellee to more accurately specify the amount of his damage, nor to measure that

amount by the market value of the bonds, at the time appellant refused to deliver them. Texas Power Corporation v. Kuehler (Tex. Civ. App.) 34 S.W.(2d) 381; Tokio Marine & Fire Ins. Co. v. Aldridge (Tex. Civ. App.) 21 S.W.(2d) 547.

We think the judgment should be affirmed, and it has been so ordered.

Affirmed.